64 P.3d 677 (2003)
Scott SCHOONOVER, Appellant,
v.
The STATE of Washington and Department of Social and Health Services, Respondent.
No. 27519-8-II.
Court of Appeals of Washington, Division 2.
March 11, 2003.
*679 S. Don Phelps, Olympia, WA, Philip Albert Talmadge, Talmadge & Stockmeyer, Tukwila, WA, for Appellant.
Steven Ray Meeks, Attorney General of Washington, Michael Patrick Lynch, Olympia, WA, for Respondent.
*678 HOUGHTON, J.
Scott Schoonover executed a durable power of attorney, authorizing Don Phelps, his attorney, to file a tort claim against the Department of Social and Health Services (State) on his behalf. Phelps prepared, verified, signed, and filed the claim against the State on Schoonover's behalf. The trial court granted the State's motion to dismiss for lack of subject matter jurisdiction, finding that Schoonover failed to personally verify his complaint as required by RCW 4.92.100. Schoonover appeals the trial court's decision arguing that it was based on an incorrect reading of the statute, equitable estoppel, and equal protection grounds. We affirm.

FACTS
The State placed Schoonover, who is mildly retarded and diagnosed with Fetal Alcohol Syndrome (FAS), in foster care from the ages of seven to sixteen years old. During that time, Schoonover suffered repeated instances of mental, physical, and sexual abuse. According to Schoonover, despite knowledge of his FAS diagnosis and repeated reports of *680 abuse, the State neither provided him with treatment nor separated him from his abusers.
On April 2, 1999, Schoonover executed a durable power of attorney, designating Don Phelps, an attorney, as his attorney in fact. Among other things, the power of attorney authorized Phelps to sign and execute written instruments "as fully as [Schoonover] could do if personally present." Clerk's Papers (CP) at 43.
On September 1, Phelps prepared, signed, and filed a tort claim against the State with the Office of Risk Management. The Torts Division of the Attorney General's Office provided Phelps with the tort claim form and the accompanying instructions he used to prepare Schoonover's claim. Although the Division of Risk Management had updated these forms in May 1995, the Attorney General's Office provided Phelps with copies of an outdated December 1990 form.
Phelps and his investigator reviewed thousands of documents to prepare Schoonover's claim, but Schoonover did not personally verify the information in the claim form.
On November 4, Schoonover filed a lawsuit against the State, based on the allegations contained in the September 2 tort claim. The State pleaded the affirmative defense of insufficient compliance with RCW 4.92.100 and RCW 4.92.110 and the court's lack of subject matter jurisdiction. The trial court granted the State's motion to dismiss for lack of subject matter jurisdiction. Schoonover appeals.

ANALYSIS

Standard of Review
Whether a court has subject matter jurisdiction to hear and decide a case is a question of law that we review de novo. Bour v. Johnson, 80 Wash.App. 643, 647, 910 P.2d 548 (1996). Dismissal of an action for lack of subject matter jurisdiction is required if the tort claim submitted under chapter 4.92 RCW does not strictly comply with the statutory procedure. Levy v. State, 91 Wash.App. 934, 942, 957 P.2d 1272 (1998).

Claim Verification
Schoonover first contends that RCW 4.92.100 does not require that he personally verify his tort claim against the State. He argues that the power of attorney suffices to confer on his counsel the authority to verify the claim on his behalf.
RCW 4.92.100[1] provides:
All claims against the state for damages arising out of tortious conduct shall be presented to and filed with the risk management division. All such claims shall be verified and shall accurately describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose. If the claimant is incapacitated from verifying, presenting, and filing the claim or if the claimant is a minor, or is a nonresident of the state, the claim may be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing the claimant.
With respect to the content of such claims this section shall be liberally construed so that substantial compliance will be deemed satisfactory.
We recently addressed the RCW 4.92.100's claimant verification requirement in Shannon v. State, 110 Wash.App. 366, 40 P.3d 1200 (2002). Similar to the situation here, in Shannon the plaintiffs' attorney, rather than the plaintiffs, signed and verified the tort claim against the Department of Corrections. We rejected the plaintiffs' argument that RCW 4.92.100 was ambiguous. We held that under this statute, the claimant must personally verify the claim unless the claimant is a *681 minor, a nonresident, or incapacitated. Shannon, 110 Wash.App. at 370, 40 P.3d 1200.
The difference between the facts in Shannon and those here is that Schoonover's attorney signed and verified the claim through a power of attorney. But this is a distinction without significance. "A power of attorney is a written instrument by which one person, as principal, appoints another as agent and confers on the agent authority to act in the place and stead of the principal for the purposes set forth in the instrument." Bryant v. Bryant, 125 Wash.2d 113, 118, 882 P.2d 169 (1994). As such, a person appointed to act on behalf of a principal by a power of attorney is no more than the principal's agent. Therefore, the power of attorney does not confer on Phelps any more authority than that of Schoonover's agent.
As noted, we construe RCW 4.92.100 as allowing a claimant's attorney or agent to verify and sign the claim only if the claimant is a minor, a nonresident, or incapacitated. Furthermore, in contrast to the contents of the claim, which we liberally construe for substantial compliance, we strictly construe the statutory filing requirements. Shannon, 110 Wash.App. at 369, 40 P.3d 1200; Levy, 91 Wash.App. at 942, 957 P.2d 1272. Accordingly, whether Phelps verified and signed Schoonover's claim in his capacity as his attorney or his agent is ultimately immaterial, as neither status carries more authority than the other. Thus, unless Schoonover can demonstrate that he falls into one or more of the three statutory exceptions, Phelps' verification is deficient.
In the alternative, Schoonover contends that he presented sufficient evidence of his incapacitation so that his attorney's verification was effective. But he failed to raise this issue below. He offered no evidence, either by affidavits or offers of proof, to show his incapacitation. Schoonover's only reference to his alleged incapacitation is his request for an "opportunity to present such evidence at a future hearing" in his response to the State's motion for dismissal.[2] CP at 39. This is insufficient to warrant reversing the trial court's ruling. Because Schoonover failed to present sufficient evidence of his incapacitation, he does not meet the incapacitation exception. Consequently, his attorney's verification was deficient, and the trial court did not err in granting the State's motion to dismiss.

Equitable Estoppel
Schoonover next contends that the State is equitably estopped from raising the claim filing deficiency defense where the State provided the outdated claim form and instructions that his attorney used to prepare and file his claim. He argues that the State cannot deny the validity of his claim when he detrimentally relied on the State's representation.
Equitable estoppel may apply in a situation where one party makes an admission, statement, or act, which another party justifiably relies on to its detriment. Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 19, 43 P.3d 4 (2002). The party relying on an equitable estoppel argument must prove "(1) an admission, act or statement inconsistent with a later claim; (2) another party's reasonable reliance on the admission, act or statement; and (3) injury to the other party which would result if the first party is allowed to contradict or repudiate the earlier admission, act or statement." Campbell, 146 Wash.2d at 20, 43 P.3d 4.
The party asserting equitable estoppel must prove the elements by clear, cogent, and convincing evidence. Lybbert v. Grant County, 141 Wash.2d 29, 35, 1 P.3d 1124 (2000). But equitable estoppel does not apply where both parties can determine the law and have knowledge of the underlying facts. Lybbert, 141 Wash.2d at 35, 1 P.3d 1124. See also Laymon v. Dep't of Natural Resources, 99 Wash.App. 518, 526, 994 P.2d 232 (2000) (equitable estoppel does not apply where the representations allegedly relied on are matters of law, rather than fact) (citing Dep't of Ecology v. Theodoratus, 135 Wash.2d 582, 599-600, 957 P.2d 1241 (1998)). Finally, equitable estoppel against the government is disfavored and requires a showing *682 that it is necessary to prevent a manifest injustice and that its application will not impair the exercise of government functions. Campbell, 146 Wash.2d at 20, 43 P.3d 4.
Schoonover fails to establish any material inconsistency between the outdated claim form and the State's later argument. On the outdated claim form, just above the certification and line reserved for the "Signature of Claimant," it states, "Claimant or legal representative must sign this claim form." CP at 54. Immediately below the signature line, it states, "If the claimant is incapacitated from verifying, presenting, and filing the claim or if the claimant is a minor, or is a nonresident of the state, the claim may be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing the claimant." CP at 54. Similarly, the current claim form states just above the certification and signature line, "Claimant must sign this form. If the claimant is incapacitated from verifying, presenting, and filing the claim, or if the claimant is a minor, or is a nonresident of the state, the claim may be verified, presented, and filed on behalf of the Claimant by any relative, attorney, or agent representing the claimant." CP at 57. This language is identical to the statutory language in RCW 4.92.100.
A review of the two claim forms discloses no material difference between them. Both ask for the same information. The only difference is that the current claim form states "Claimant must sign this form" rather than "Claimant or legal representative must sign this claim form." CP at 54, 57. But as noted, both claim forms follow these statements with the statutory language that specifies the three exceptions where a third person can sign and verify the claim form for the claimant. As a whole, the difference between the two claim forms is insignificant. There is no material inconsistency between the outdated claim form and the State's position.
Even assuming Schoonover's attorney relied on the outdated claim form in preparing and filing his claim, his estoppel argument fails. As noted, equitable estoppel does not apply where the representation is a legal matter. Laymon, 99 Wash.App. at 526, 994 P.2d 232. The interpretation of a statute, in this case RCW 4.92.100, is purely legal. As such, equitable estoppel does not apply.

Equal Protection
Schoonover next contends that the personal verification requirement in RCW 4.92.100 violates his right to equal protection under the law. He argues that because personal verification is not a requirement in other civil proceedings, RCW 4.92.100's personal verification requirement creates a special class of tort claimants against the State and does not further any legitimate State goals.
The Fourteenth Amendment to the United States Constitution provides in pertinent part, "No state shall make or enforce any law which shall ... deny to any person within its jurisdiction the equal protection of the laws." Similarly, article I, section 12 of the Washington State Constitution provides, "No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations." Our courts have held that these two provisions offer the same level of protection. Seeley v. State, 132 Wash.2d 776, 788, 940 P.2d 604 (1997).
We presume statutes are constitutional. State v. Hennings, 129 Wash.2d 512, 524, 919 P.2d 580 (1996). "A party challenging the constitutionality of a statute has the heavy burden of proving its unconstitutionality beyond a reasonable doubt." State v. Blank, 131 Wash.2d 230, 235, 930 P.2d 1213 (1997). To show a violation of the equal protection clause, a party must establish that the challenged statute treats unequally two similarly situated classes of people. Fell v. Spokane Transit Auth., 128 Wash.2d 618, 635, 911 P.2d 1319 (1996). Absent a suspect classification or infringement of a fundamental interest, a classification that is rationally related to a legitimate state interest does not violate the right to equal protection. Gossett v. Farmers Ins. Co., 133 Wash.2d 954, 979, 948 P.2d 1264 (1997).
We review claim filing statutes under the minimal scrutiny standard of review. *683 Daggs v. City of Seattle, 110 Wash.2d 49, 56, 750 P.2d 626 (1988). Thus, the rational basis test applies. Under the rational basis test, the statute must be rationally related to achieve a legitimate state interest and will be upheld unless the classification rests on grounds that are wholly irrelevant to achieving the state interest. DeYoung v. Providence Med. Ctr., 136 Wash.2d 136, 144, 960 P.2d 919 (1998). A classification does not violate equal protection if there is any conceivable set of facts that could provide a rational basis for the classification. Gossett, 133 Wash.2d at 979, 948 P.2d 1264.
Here, RCW 4.92.100 purports to create a class of tort claimants against the State. This statute requires that tort claimants against the State personally verify their tort claim, unless they are incapacitated, a minor, or a nonresident.[3] The purpose of personal verification is to ensure "the truthfulness of the pleadings and to discourage claims without merit." Levy, 91 Wash.App. at 943, 957 P.2d 1272 (citing Griffith v. City of Bellevue, 130 Wash.2d 189, 194, 922 P.2d 83 (1996)). As the State notes, because of the many functions and roles the State performs, the potential for tort claims against the State is greater than any single private entity.
The personal verification requirement is a reasonable and effective procedure to ensure that valuable public funds are not wasted on meritless claims. Moreover, this procedural requirement does not create such a substantial burden or impediment to governmental tort victims. See Pirtle v. Spokane Pub. Sch. Dist. No. 81, 83 Wash.App. 304, 309, 921 P.2d 1084 (1996) (the statutory 60-day waiting period requirement between the filing of a tort claim against a local governmental agency and the commencement of a lawsuit does not violate equal protection), review denied, 131 Wash.2d 1014, 932 P.2d 1257 (1997). Therefore, the personal verification requirement in RCW 4.92.100 does not violate the right to equal protection because it seeks to achieve the legitimate State interest of saving valuable public funds.
Schoonover also argues that the personal verification requirement is arbitrary because under RCW 4.96.020, similarly situated claimants against local governmental entities do not have to verify their tort claims, whereas claimants against the State do. He claims that a comparison of the two statutes creates different classes of tort plaintiffs and raises equal protection issues.
The purpose of statutory interpretation is to determine and give effect to legislative intent, which is primarily determined from the statutory language. In re Custody of Smith, 137 Wash.2d 1, 8, 969 P.2d 21 (1998). We will "assume[ ] that the legislature means exactly what it says" and not construe unambiguous language. Stillwell-Smith, 137 Wash.2d at 9, 969 P.2d 21 (citing State v. McCraw, 127 Wash.2d 281, 288, 898 P.2d 838 (1995)). Further, we cannot read into a statute what we believe the legislature has omitted, be it an intentional or inadvertent omission. Stillwell-Smith, 137 Wash.2d at 12, 969 P.2d 21 (citing Automobile Drivers & Demonstrators Union Local 882 v. Dep't of Retirement Sys., 92 Wash.2d 415, 421, 598 P.2d 379 (1979)). And "[e]very provision must be viewed in relation to other provisions and harmonized if at all possible." Arbitration of Mooberry v. Magnum Mfg., Inc., 108 Wash.App. 654, 657, 32 P.3d 302 (2001) (citing Omega Nat'l Ins. Co. v. Marquardt, 115 Wash.2d 416, 425, 799 P.2d 235 (1990)). Statutes relating to the same subject "are to be read together as constituting a unified whole, to the end that a harmonious total statutory scheme evolves which maintains the integrity of the respective statutes." Magnum Mfg., 108 Wash.App. at 657, 32 P.3d 302 (citing State v. Wright, 84 Wash.2d 645, 650, 529 P.2d 453 (1974)).
RCW 4.96.020 provides in its pertinent part,
(3) All claims for damages arising out of tortious conduct must locate and describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of *684 damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose. If the claimant is incapacitated from verifying, presenting, and filing the claim in the time prescribed or if the claimant is a minor, or is a nonresident of the state absent therefrom during the time within which the claim is required to be filed, the claim may be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing the claimant.
Here, although RCW 4.96.020 does not expressly require verification of a tort claim against a local governmental agency, it does contain language from which we can infer such a requirement. The language describing the requirements for tort claims is identical in RCW 4.96.020 and RCW 4.92.100. Both statutes require verification by the claimant of the claim unless the claimant meets one of the three statutory exceptions. Reviewing the statutory scheme as a whole to the end of maintaining the integrity of the respective statutes, we conclude that RCW 4.96.020 has the same verification requirements as RCW 4.92.100 and Schoonover does not present an adequate equal protection challenge.
Affirmed.
ARMSTRONG, J., and QUINN-BRINTNALL, A.C.J., concur.
NOTES
[1] Laws of 2002, ch. 332, § 12. The legislature amended RCW 4.92.100 in 2002. We quote the current statute as the amendment does not affect the disputed contention.
[2] Nor did Schoonover move for a continuance in order to submit further evidence of incapacity.
[3] Generally, personal verification is not a requirement in other civil proceedings. CR 11.