

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALISON E. MINNIS,

        Plaintiff-Appellant,

v.

STATE OF WASHINGTON,
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES, Division of
Developmental Disabilities; et al.,

        Defendants-Appellees.

No.    13-36079

D.C. No. 3:11-cv-05600-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted December 30, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Alison E. Minnis ("Minnis") appeals pro se the district court's grant of

summary judgment for Defendants on Minnis's claims arising under Title VII, the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), the First Amendment, the Fourth Amendment, and related state law claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

The district court properly dismissed Minnis's state law claims because she did not comply with state statutory procedure. *See* WASH. REV. CODE ANN. § 4.92.100(1) ("All claims against the state, or against the state's officers[ or] employees . . . for damages arising out of tortious conduct, must be presented to the office of risk management"). Under Washington law, "[d]ismissal of an action for lack of subject matter jurisdiction is required if the tort claim submitted under chapter 4.92 [of the Revised Code of Washington] does not strictly comply with the statutory procedure." *Schoonover v. State*, 64 P.3d 677, 680 (Wash. Ct. App. 2003) (citing *Levy v. State*, 957 P.2d 1272, 1276–77 (Wash. Ct. App. 1998)).

Minnis tendered no evidence to the district court that she substantially complied with Washington state law in filing her tort claims against the state and its employees. Therefore, the district court properly dismissed her state law tort claims.

II

The district court properly granted summary judgment on Minnis's Title VII claims that she was terminated in retaliation for EEOC filings and that she was discriminated against on the basis of age, gender, and disability. "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *U. of Tex. Sw. Ctr. v. Nassar*, 133 S. Ct. 2517, 2528 (2013). Separately, to establish a prima facie case of discrimination under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), an employee must show "(1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998). Minnis did not tender evidence that Defendants' alleged desire to retaliate was the "but-for" cause of her dismissal nor did she show that she was performing according to her employer's legitimate expectations. As a result, Minnis's claims fail under both the retaliation provision of Title VII and the provision banning status-based discrimination. *See* 42 U.S.C. §§ 2000e-2, e-3.

Minnis also alleges that she was subject to a hostile work environment and

disparate treatment. But the facts that she alleges do not raise a genuine question of material fact such that a reasonable trier of fact could find in her favor on either claim. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) ("When the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated.") (citations and internal quotation marks omitted); *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1034–6 (9th Cir. 2005). Minnis did not tender specific facts to support her claim, but rather provided only conclusory allegations without evidentiary support.

## III

The district court properly granted summary judgment on Minnis's claim under the FMLA because the state was immune from suit under the Eleventh Amendment. *See Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327, 1336–37 (2012) (holding that there was an insufficient nexus "between self-care leave and gender discrimination by state employers" to validly abrogate state sovereign immunity). The district court also properly granted summary judgment on her claims under Titles I and II of the ADA for the same reason. *See Bd. of Trustees of U. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001) (holding that Title I

4

does not validly abrogate state sovereign immunity); *Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169, 1184 (9th Cir. 1999) (holding that Title II of the ADA does abrogate state sovereign immunity, but its protections do not apply to employment).

IV

The district court properly granted summary judgment on Minnis's constitutional claims.

The State was entitled to summary judgment on her prior restraint claim. Minnis alleges her employer's assigning her to work from home constituted a prior restraint on her speech because she was prevented from speaking with co-workers or clients. In order to constitute a violation of the First Amendment, a public employee's speech must be "on a matter[] of public concern." *Pickering v. Bd. of Educ.*, 391 U.S. 563, 574 (1968). Here, the alleged suppressed speech only concerned private grievances. *See Roe v. City & Cty. of San Francisco*, 109 F.3d 578, 585 (9th Cir. 1997) (holding that speech by public employees about personnel disputes and grievances is not a matter of public concern).

Minnis's Fourth Amendment right to privacy claim, founded on an alleged entry to her office, fails because Minnis offers no evidence that her office was given over to her exclusive use or that the entry was not work related. *See*

5

*Showengerdt v. United States*, 944 F.2d 483, 487 (9th Cir. 1991) (holding that in the context of a government employer, an employee may "enjoy a reasonable expectation of privacy in areas given over" to her "exclusive use," except where there is notice that searches "might occur from time to time for work-related purposes"). Further, the record indicates that Minnis gave a supervisor permission to enter the office and pack her belongings.

V

The district court did not abuse its discretion in denying Minnis's motion to compel discovery as moot. *See, e.g.*, *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (holding that denying a motion to compel discovery was not an abuse of discretion even while treating a pro se plaintiff "with great leniency"). Defendants responded to many of the interrogatories that Minnis sent and the record shows that the Minnis's requested answers would not reveal information that would permit her to win on summary judgment.

**AFFIRMED.**