NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES GREINER,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>TESLA INC., "Tesla"; ELON MUSK,<br>"Elon",<br><br>    Defendants - Appellees. | No. 25-399<br><br>D.C. No. 2:23-cv-00305-JAG<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
James A. Goeke, Magistrate Judge, Presiding[**]

Submitted October 15, 2025[***]

Before:    FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

James Greiner appeals pro se from the district court's judgment dismissing

his diversity action alleging state law claims in connection with an arbitration

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

proceeding. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed Greiner's action because Greiner failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Bellevue Farm Owners Ass'n v. Stevens*, 394 P.3d 1018, 1024-25 (Wash. Ct. App. 2017) (setting forth elements of abuse of process claim under Washington law); *Schoonover v. State*, 64 P.3d 677, 681 (Wash. Ct. App. 2003) (setting forth elements of equitable estoppel under Washington law); *All Star Gas, Inc., of Wash. v. Bechard*, 998 P.2d 367, 372 (Wash. Ct. App. 2000) (setting forth elements of civil conspiracy claim under Washington law); *Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995) (setting forth elements of breach of contract claim under Washington law).

The district court did not abuse its discretion in denying as moot Greiner's motion for summary judgment after dismissing Greiner's claims. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 403-04 (9th Cir. 2010) (setting forth standard of review and explaining that district court has inherent power to control

its docket). To the extent Greiner challenges the district court's denial of his motion to vacate the arbitration award, Greiner has not shown that the district court erred.

Greiner's request for a jury trial on remand, set forth in the opening brief, is denied.

**AFFIRMED.**