[No. 24951–7–I.   Division One.   May 13, 1991.]

RONALD P. DYSON, *Appellant,* v. KING COUNTY,
ET AL, *Respondents.*

*Michael J. Rasch,* for appellant.

*Anne Bremner,* for respondents.

BAKER, J.—Ronald P. Dyson appeals a summary judgment dismissing his complaint for damages and declaratory relief because he failed to file a claim with the City of Seattle before he filed his lawsuit. We reverse.

On five occasions between 1984 and 1986, Dyson was arrested and/or cited by King County or Seattle police for selling sporting event tickets in a restricted area, in violation of Seattle Municipal Code 15.17.010(b) and 5.44.130. These charges were eventually dismissed.

In November 1987, Dyson served and filed an amended complaint against King County and the City of Seattle, seeking damages and declaratory relief. He alleged that

Seattle Municipal Code 15.17.010(b) was unconstitutional, and that he had been damaged by a denial of rights and privileges guaranteed to him by the United States and Washington Constitutions. He had not previously filed a claim against the City as required by city ordinance.

The City promptly appeared (specifically without waiving subject matter jurisdiction)[1] and filed its answer 1 month later. The answer included an affirmative defense of the statute of limitations, but contained no reference to Dyson's failure to file a claim.[2] Thereafter, the City deposed Dyson, issued interrogatories, and requested production of documents.

Almost 2 years after commencement of the suit, and after the relevant statutes of limitations had expired, the City successfully moved to dismiss Dyson's complaint against it because of Dyson's failure to file a claim as required by Seattle Municipal Code 5.24.005.

Seattle Municipal Code 5.24.005 states that "[n]o action shall be commenced against the City in which monetary damages are being claimed until a written claim for damages has been presented to and filed with the City Comptroller". It further prohibits the filing of a lawsuit within 60 days of the filing of the claim for damages, "unless the applicable statute of limitations will expire within that period of time."

Statutes and ordinances requiring the filing of a claim before commencing litigation have been held to be valid conditions on which the sovereign consents to be sued and are a condition precedent to recovery. *Daggs v. Seattle,* 110 Wn.2d 49, 57, 750 P.2d 626 (1988); *Mercer v. State,* 48 Wn.

---

[1] It is not necessary to reserve such objections when appearing. A general appearance does not waive jurisdictional objection. *See* CR 4(d)(5).

[2] We note that the City's practice regarding the assertion in its answers of the affirmative defense of failure to comply with the claim–filing ordinance was not uniform when this answer was filed. In oral argument, counsel for the City acknowledged that the defense is uniformly pleaded where pertinent at the present time.

App. 496, 498, 739 P.2d 703, *review denied,* 108 Wn.2d 1037 (1987); *Peterick v. State,* 22 Wn. App. 163, 178, 589 P.2d 250 (1977), *review denied,* 90 Wn.2d 1024 (1978), *overruled on other grounds in Stenberg v. Pacific Power & Light Co.,* 104 Wn.2d 710, 709 P.2d 793 (1985).

Our courts have not hesitated to dismiss actions begun without compliance with valid claim–filing laws. *See, e.g., Mercer v. State, supra.* However, the court noted in *Mercer* that

> [t]he State took no affirmative action which led Mercer to believe that she did not need to comply with [the claim filing statute]. On the contrary, the State, in its answer to Mercer's complaint, notified Mercer 2½ months prior to expiration of the statute of limitations that she was not in compliance[.]

*Mercer,* 48 Wn. App. at 500.

The facts of this case differ significantly from *Mercer.* Here, the City appeared and filed its answer without mentioning Dyson's failure to comply with the claim–filing ordinance. It proceeded to defend the case, but waited until the applicable statute of limitations had run on each of the underlying incidents before raising the defense for the first time in the form of a summary judgment motion to dismiss.

In *Miotke v. Spokane,* 101 Wn.2d 307, 337, 678 P.2d 803 (1984), the Supreme Court did hold that the State had waived any objection based upon failure to comply with the state claim–filing statute because the objection was raised for the first time 3 years after commencement of complicated litigation and after substantial litigation had already occurred. The City correctly argues that neither *Miotke* nor any other Washington case has specifically disapproved of the tactics employed in this case, where substantial litigation procedures have not occurred in the case. We take the opportunity to do so in this case.

CR 9(c) addresses pleading requirements for conditions precedent. It states that "[a] denial of performance or occurrence shall be made specifically and with particularity." The City's answer failed to comply with this rule. By answering without raising the defense and proceeding to

defend the case for an appreciable time period while awaiting the running of the statute of limitations, the City did take the type of misleading affirmative action which was lacking in *Mercer*. We hold that by doing so the City is estopped from now raising the defense of failure to comply with its claim–filing ordinance.

Reversed.

WEBSTER, A.C.J., and COLEMAN, J., concur.