983 P.2d 1127 (1999)
97 Wash.App. 181
Debra M. SIEVERS, Appellant,
v.
CITY OF MOUNTLAKE TERRACE, a municipality, Respondent.
No. 42662-1-I.
Court of Appeals of Washington, Division 1.
June 1, 1999.
Publication Ordered September 9, 1999.
Martha L. Hildebrand, Red Deer, AB, for Appellant.
James A. Burton, Seattle, WA, for Respondent.
*1128 GROSSE, J.
RCW 4.96.020(4) requires a person bringing an action against local governmental entities to wait 60 days after first presenting and filing the claim with the entity. The applicable period of limitations within which an action must be commenced is tolled during the 60-day period. Debra Sievers filed her claim with the City of Mountlake Terrace (City) and then commenced her action 59 days later. The trial court properly dismissed her action on summary judgment.
Sievers sustained an ankle injury while working at the Ballinger Park Municipal Golf Course in Mountlake Terrace on August 20, 1994. On August 19, 1997, the last day before the expiration of the statute of limitation on her claim, Sievers filed a claim for damages with the City. On a Friday, 59 days later, Sievers filed a complaint for personal injuries against the City in King County Superior Court. On November 5, 1997, the summons and complaint were personally served on the City Manager for Mountlake Terrace. The City answered and asserted an affirmative defense that Sievers' action was barred due to Sievers' failure to strictly comply with RCW 4.96.020(4) by commencing her action 59 days after filing her claim, and in addition time barred by the running of the applicable statute of limitation. The City sought dismissal with prejudice on summary judgment, which was granted by the trial court. Sievers claims she did not "commence" her lawsuit until she served the summons and complaint on the City Manager, and that day 59 was the only day that would comply with all statutes. We disagree and affirm.
The usual standard for reviewing summary judgments applies.[1] In 1967, the Legislature enacted chapter 4.96 RCW abolishing the doctrine of sovereign immunity for the political subdivisions of the state.[2] Provisions for the filing of claims were provided therein. As a condition precedent to maintaining an action against a local governmental entity, the injured party is required to comply with statutory claim filing procedures.[3] Although the claim filing statutory scheme authorizes substantial compliance with the laws specifying the content of the notice of claim, strict compliance is clearly emphasized with the filing procedures themselves.[4] Failure to comply with the filing requirements leads to dismissal of the action.[5] This court is obliged to give full effect to the plain language of the statute even when the results of doing so may seem unduly harsh.[6]
RCW 4.96.020(4) provides:
No action shall be commenced against any local governmental entity for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.
Sievers' claim that an action is commenced only upon both filing and service of a summons and complaint is incorrect. CR 3(a) sets forth when an action is deemed commenced in this context. It states in pertinent part that "a civil action is commenced by service of a copy of a summons *1129 together with a copy of a complaint, as provided in rule 4 or by filing a complaint."[7]
It is undisputed that Sievers waited only 59 days after filing her tort claim with the City before commencing her suit in superior court. She claims it was necessary to file her action with the court on the Friday preceding the expiration of the applicable statute of limitations because the 60th day of the notice claim statute fell on Saturday, a day when the courts were not open. She asserts that if she waited until the following Monday the applicable statute of limitation would have run. Given the facts before us, the argument has no merit.
It is settled case law that final Saturdays are to be excluded when computing statute of limitations periods.[8] In addition, the Legislature, in 1997, amended RCW 1.12.040 (computation of time) adding Saturdays to the already excluded Sundays and holidays for the computation of time when the last day of the period falls on such a day.[9] Thus, given the fact that Sievers waited until the last possible day to file her notice of claim with the City before the running of the limitation period, it was necessary to properly count the days under the statutes and court rules to discover that the only (last) possible day to commence the action here would have been on Monday, October 20, 1997, a date in compliance with the 60-day waiting rule mandated by RCW 4.96.020(4) and within the applicable statute of limitation.
Although seemingly harsh, this case is an excellent illustration of the dangers fraught with waiting to file claim notices or complaints on the last day of the applicable limitation period.
The decision of the trial court is affirmed.
COLEMAN, and ELLINGTON, JJ., concur.
NOTES
[1] Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is not genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. CR 56(c). This court engages in the same inquiry as the trial court on the record that was before it. The motion will be granted, considering the evidence in the light to the nonmoving party, only if reasonable persons could reach but one conclusion. Reynolds v. Hicks, 134 Wash.2d 491, 495, 951 P.2d 761 (1998).
[2] Daggs v. City of Seattle, 110 Wash.2d 49, 52, 750 P.2d 626 (1988).
[3] Williams v. State, 76 Wash.App. 237, 248, 885 P.2d 845 (1994).
[4] Pirtle v. Spokane Pub. Sch. Dist. No. 81, 83 Wash.App. 304, 309, 921 P.2d 1084 (1996).
[5] Schmitz v. State, 68 Wash.App. 486, 488-91, 843 P.2d 1109 (1993).
[6] Geschwind v. Flanagan, 121 Wash.2d 833, 841, 854 P.2d 1061 (1993) (citing State v. Pike, 118 Wash.2d 585, 591, 826 P.2d 152 (1992)).
[7] CR 3(a) (emphasis added).
[8] Stikes Woods Neighborhood Ass'n v. City of Lacey, 124 Wash.2d 459, 466, 880 P.2d 25 (1994).
[9] RCW 1.12.040 provides:

The time within which an act is to be done, as herein provided, shall be computed by excluding the first day, and including the last, unless the last day is a holiday, Saturday, or Sunday, and then it is also excluded.
Laws of 1997, ch. 125, § 1, effective July 27, 1997.