[No. 50154-2-I. Division One. February 2, 2004.]

AMADO DELOS REYES, as *Personal Representative, Appellant*, v. THE CITY OF RENTON, *Respondent*.

---

[13] RCW 7.48.305.

*Matthew J. Bellmer* and *David S. Engle*, for appellant.

*Zanetta L. Fontes* (of *Warren Kellog Barber Dean Fontes, P.S.*), for respondent.

*Pamela B. Loginsky* on behalf of Washington Association of Prosecuting Attorneys, amicus curiae.

*Janice E. Ellis, Prosecuting Attorney for Snohomish County*, and *Cynthia A. Larsen, Deputy*, on behalf of Snohomish County, amicus curiae.

Cox, A.C.J. — Amado Delos Reyes, administrator of the estate of Elsie Delos Reyes, appeals the trial court's order granting the City of Renton's motion for summary judgment in this wrongful death action. He contends the trial court erred by dismissing this action based on his failure to verify the claim filed with the City prior to commencement of this action. He also claims the court incorrectly decided that the City did not waive the affirmative defense of lack of subject matter jurisdiction. The City cross-appeals, contending the trial court erred in deciding that Reyes had complied with the statutory requirement of waiting 60 days after filing a claim before commencing the action. Because Reyes failed to comply with the strict requirement to verify the claim filed with the City, we affirm. We need not address any other issue and decline to do so.

On February 2, 1998, Renton police officers engaged in a high speed chase pursuing burglary suspect Louis Barrow, who was driving a pickup truck. Barrow's truck collided with the car driven by Elsie Delos Reyes, causing her death.

Mrs. Reyes's husband, Amado, filed a claim with the City on March 22, 2000. Reyes did not sign the claim form. His

attorney, Matthew Bellmer, signed it for him. On January 26, 2001, Reyes became the administrator of his wife's estate. A claim was filed with the City on behalf of the estate on January 26, 2001. Reyes did not sign this claim. Bellmer signed, as attorney for Amado Delos Reyes, Amanda Delos Reyes, Jody Delos Reyes, and for the Estate of Elsie Delos Reyes.

On February 1, 2001, Reyes commenced this wrongful death action against the City and others. The complaint named Reyes and his two daughters in their individual capacities and Reyes as administrator of the estate as plaintiffs. The complaint also named the City and others as defendants.

The City moved to dismiss the three individual beneficiaries, and the trial court granted this motion on the basis that only the personal representative could maintain the action. The City moved for summary judgment on the basis that Reyes failed to comply with the terms of former RCW 4.96.020(4) (1993), which requires that a claimant wait 60 days after filing a claim to file a complaint. The City later filed another summary judgment motion on the basis that Reyes had failed to comply with the verification requirements of former RCW 4.96.020(3) (1993) because his attorney signed the claim. In a single order dated February 8, 2002, the trial court addressed both motions. It granted the latter motion on the basis that Reyes had failed to sign the claim himself and, therefore, failed to comply with the verification requirement. The court denied the earlier motion, finding substantial compliance with the statute because the individual original claim of Reyes was filed more than 60 days before the complaint.

Reyes appeals, and the City cross-appeals.

## VERIFICATION

Reyes contends the trial court erred in granting summary judgment on the basis that he did not personally sign the claim against the City and, therefore, did not comply with

the verification requirement of former RCW 4.96.020(3). We disagree.

■ ■ The standard of review for a ruling on summary judgment is de novo.[1] We consider all facts in the light most favorable to the nonmoving party.[2] Summary judgment is appropriate only "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."[3]

There are no disputed material factual issues in this case. Thus, the question whether to allow the claim is strictly a matter of law.

■ An injured party is required to comply with statutory claim filing procedures.[4] "Although the claim filing statutory scheme authorizes substantial compliance with the laws specifying the content of the notice of claim, strict compliance is clearly emphasized with the filing procedures themselves."[5] Failure to strictly comply with statutory filing requirements leads to dismissal of the action.[6] "This court is obliged to give full effect to the plain language of the statute even when the results of doing so may seem unduly harsh."[7]

Former RCW 4.96.020(3) states:

All claims for damages arising out of tortious conduct must locate and describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage oc-

---

[1] *Trimble v. Wash. State Univ.*, 140 Wn.2d 88, 92, 993 P.2d 259 (2000).

[2] *Havens v. C&D Plastics, Inc.*, 124 Wn.2d 158, 177, 876 P.2d 435 (1994).

[3] *Trimble*, 140 Wn.2d at 93.

[4] *Williams v. State*, 76 Wn. App. 237, 248, 885 P.2d 845 (1994).

[5] *Sievers v. City of Mountlake Terrace*, 97 Wn. App. 181, 183, 983 P.2d 1127 (1999) (citing *Pirtle v. Spokane Pub. Sch. Dist. No. 81*, 83 Wn. App. 304, 309, 921 P.2d 1084 (1996)).

[6] *Sievers*, 97 Wn. App. at 183 (citing *Schmitz v. State*, 68 Wn. App. 486, 488-91, 843 P.2d 1109 (1993)).

[7] *Sievers*, 97 Wn. App. at 183 (citing *Geschwind v. Flanagan*, 121 Wn.2d 833, 841, 854 P.2d 1061 (1993); *State v. Pike*, 118 Wn.2d 585, 591, 826 P.2d 152 (1992)).

curred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose. *If the claimant is incapacitated from verifying, presenting, and filing the claim in the time prescribed or if the claimant is a minor, or is a nonresident of the state absent therefrom during the time within which the claim is required to be filed, the claim may be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing the claimant.*[8]

Reyes contends that the statute is ambiguous regarding whether verification by the claimant is required. In *Shannon v. Department of Corrections*,[9] Division Two of this court considered the statute governing similar claims against the State. There, the plaintiffs' attorney signed a tort claim against a State entity on their behalf. The plaintiffs argued that the statute was ambiguous because it did not state that claims must be verified by the claimant. The court noted that the statute specifically provides that a relative, attorney, or agent may verify a claim only when the claimant is a minor, a nonresident, or incapacitated, and concluded that "[t]his provision has meaning only if, in all other circumstances, the claimant must personally verify the claim."[10] Thus, there is no ambiguity that a claimant must personally verify a claim in the absence of any of the other conditions stated in the statute.

Reyes notes that a prior version of RCW 4.96.020 (1967) provided that "[a]ll such claims shall be verified," but that this language was removed from the version of the statute set out above. He contends that, because the statute lacks an express requirement that a claimant must verify a claim, verification is not required. In *Schoonover v. State*, Division Two considered the same statute. Only the attorney signed the claim in that case. The court stated that,

---

[8] (Emphasis added.)

[9] 110 Wn. App. 366, 370, 40 P.3d 1200 (2002).

[10] *Shannon*, 110 Wn. App. at 370.

although RCW 4.96.020 does not *expressly* require verification of a tort claim against a local governmental agency, it does contain language from which we can infer such a requirement. The language describing the requirements for tort claims is identical in RCW 4.96.020 and RCW 4.92.100. Both statutes require verification by the claimant of the claim unless the claimant meets one of the three statutory exceptions. Reviewing the statutory scheme as a whole to the end of maintaining the integrity of the respective statutes, we conclude that RCW 4.96.020 has the same verification requirements as RCW 4.92.100.[11]

Here, none of the exceptions to personal verification of the claim applies. Reyes, the personal representative of the estate, does not fall within the nonresident exception. Likewise, he does not indicate any incapacity, as required under that exception. In short, he failed to strictly comply with the statutory provisions, and the claim is barred. This result comports with the requirement that statutory provisions must be harmonized and that every word of a statute must be given effect.[12]

Reyes contends the City waived any right to raise the issue of compliance with the statute when it failed to raise the issue in its responsive pleadings and proceeded with litigation. We disagree.

Reyes cites two cases in support of this contention. Neither aids his argument.

In *Miotke v. City of Spokane*,[13] the City of Spokane waived the defense when it engaged in substantial litigation, including several days of hearings and entry of initial findings of fact and conclusions of law. The court on appeal found the substantial extent of the litigation constituted waiver. In this case, however, the proceedings had not progressed beyond preliminary discovery followed by the motions before us.

---

[11] *Schoonover v. State*, 116 Wn. App. 171, 184, 64 P.3d 677 (2003).

[12] *Hanson v. City of Tacoma*, 105 Wn.2d 864, 871, 719 P.2d 104 (1986).

[13] 101 Wn.2d 307, 678 P.2d 803 (1984).

In *Dyson v. King County*,[14] King County purposely waited until the statute of limitations had run before asserting the defense. But in this case, the City has noted, and we agree, that the statute of limitations had run before it received service of the complaint.

Because of our resolution of this appeal on the basis that the claimant failed to personally verify the claim, we need not reach the City's cross appeal.

We affirm the summary judgment order.

BAKER and SCHINDLER, JJ., concur.

Review denied at 152 Wn.2d 1031 (2004).

[14] 61 Wn. App. 243, 809 P.2d 769 (1991).