Antwan ATKINS, Plaintiff,

v.

**THE BREMERTON SCHOOL DISTRICT, Elizabeth Finin, et al., Defendants.**

**No. C04–5779RBL.**

United States District Court, W.D. Washington.

March 14, 2005.

Harold Hudson Franklin, Jr., Michael Diliza Nkosi, Renton, WA, for Plaintiff.

Michael Barry Tierney, Michael B. Tierney PC, Diana Virginia Blakney, Mercer

Island, WA, Jerry J. Moberg, Ephrata, WA, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

LEIGHTON, District Judge.

### 1. Summary.

This matter is before the court on defendants' Motion for Partial Summary Judgment. [Dkt. # 9] Defendants seek dismissal of Plaintiff's state law claims, for failure to comply with the pre-claim notice requirements of Chapter 4.96 RCW.

The case involves an incident at Renaissance High School in Bremerton, where the Plaintiff (Antwan Atkins) was a student and Defendant Elizabeth Finin was a teacher. The parties agree that on or about November 20, 2002, on school grounds and during school hours, Ms. Finin referred to Atkins and two other students as "porch monkeys" and asked them to move from the steps of a portable classroom. She claims she did so in a joking manner, without knowing or intending that the plaintiff, an African American, would perceive the comment as a racial slur. According to the plaintiff, the remark was repeated a second time as Ms. Finin left the portable classroom.

Plaintiff confronted Ms. Finin and she apologized. Plaintiff, Ms. Finin, the principle, Mr. Atkins' mother, and an "advocate," Daryl Fields, met shortly thereafter to discuss the incident. Plaintiff Atkins remained in Defendant Finin's English class for the remainder of the school year, apparently without incident.

On September 23, 2003, Plaintiff's counsel Michael Noski wrote a letter to the Bremerton School District, related to the incident described above. He erroneously stated that the incident had occurred in March, 2003, and asserted claims for defamation, negligent infliction of emotional distress (on behalf of Plaintiff and his mother), and discrimination based on race in violation of Title VI of the Civil Rights Act. The letter was addressed only to the School District, and was not sent to any particular person. It was not sent to Elizabeth Hyde, who was the School District's Superintendent and the person designated by it to receive claims for damages under 4.96.020(2). However, Ms. Hyde acknowledges that she did receive the letter.

The letter demanded a total of approximately $63,000 to settle all of Plaintiff's (and his mother's) claims arising from the incident. It did not reference the pre-claim notice statute, was not verified by the plaintiff(s), and did not contain other information about the plaintiffs or their claims. (A copy of Mr. Noski's letter is attached the Declaration of Elizabeth Hyde as Exhibit 1[Dkt. # 12] ).

The Defendant School District acknowledged receipt of the letter and sought additional information about the alleged emotional injuries. It is not clear what, if anything, occurred thereafter. On November 17, 2004, Plaintiff Antwan Atkins commenced this action against the School District, Ms. Finin, and other individuals alleged to have participated in the actionable conduct and its aftermath.

Defendants seek dismissal of Plaintiff's state law claims, arguing that he was required to and failed to comply with the notice requirements of Chapter 4.96 RCW.

### 2. Summary Judgment Standard.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fat which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions

on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir.1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy,* 68 F.3d at 1222.

### 3. Discussion.

RCW 4.96.020 applies to claims against all local governmental entities. RCW 4.96.020(2) requires each such entity to designate a person upon whom claims for damages must be served. RCW 4.96.020(3) provides for pre-claim notice of any claim for damages:

> (3) All claims for damages arising out of tortious conduct must **locate and describe the conduct and circumstances** which brought about the injury or damage, **describe the injury or damage**, state the **time and place** the injury or damage occurred, state the **names of all persons** involved, if known, and shall contain the amount of damages claimed, together with a statement of the **actual residence** of the claimant at the time of presenting and filing the claim and for a **period of six months immediately prior** to the time the claim arose. If the claimant is incapacitated from verifying, presenting, and filing the claim in the time prescribed or if the claimant is a minor, or is a nonresident of the state absent therefrom during the time within which the claim is required to be filed, the claim may be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing the claimant.

(Emphasis added). RCW 4.96.020(4) provides that no claim may be filed against a local governmental entity less than 60 days after the pre-claim notice described above.

■ Filing a pre-claim notice under RCW 4.96.020 is a condition precedent to commencing an action seeking damages from the entity based on its tortious conduct, or the tortious conduct of its employees. Substantial compliance with the "content" requirements of the notice is required, though the statute is to be construed liberally. On the other hand, strict compliance with the pre-claim filing procedures is required. *See Medina v. Public Utility Dist. No.* 1, 147 Wash.2d 303, 53 P.3d 993 (2002); *Reyes v. City of Renton,* 121 Wash.App. 498, 86 P.3d 155 (2004).

■ The issue presented by this Motion is whether Mr. Noski's letter of September 23, 2002 satisfies the requirements of Chapter 4.96 RCW. Viewed in the light most favorable to the Plaintiff, the letter's deficiencies are: it was not sent to Ms. Hyde, it was not verified by the Plaintiff, it did not purport to act as a pre-claim notice under RCW 4.96.020(3), it referenced the incorrect incident date, and it did not include Mr. Atkins' current or prior address.

These last three issues relate to the content of the notice, not to the claims filing procedure itself. The court assumes without holding that despite these deficiencies, Mr. Noski's letter substantially complies with the statutory requirements, and that the failures asserted by the defendants as to the *contents* of the notice are not fatal.

On the other hand, the first two deficiencies—failure to send the letter to Ms. Hyde, and the fact that the letter was not verified—are not "content" issues. They are instead part of the claim filing procedure itself, more akin to the 60 day requirement of RCW 4.96.020(4). "Failure to strictly comply with statutory filing requirements leads to dismissal of the action. This court is obliged to give full effect to the plain language of the statute even when the results of doing so may seem unduly harsh." *Reyes*, 121 Wash.App. at 502, 86 P.3d 155.

In *Reyes*, the Washington Court of Appeals specifically held that the failure to verify a notice of claim under RCW 4.96.020(3) is fatal to that claim. Here, it is undisputed that Mr. Atkins did not verify his claim, and he does not argue that he was excepted from the statute's verification requirement.

■ Instead, Mr. Atkins argues that his notice was or should be effective for a variety of equitable reasons. First, he asserts that the school district is estopped from asserting his failures as a defense, because it engaged in "affirmative misleading action" which precluded Atkins from properly filing, or persuaded him that he did not have to. This argument is based on Plaintiff's claim that "it is the practice of the Defendants to file a claim form on behalf of injured students," and (apparently) that this "practice" misled Mr. Atkins such that he failed to verify the letter sent by Mr. Noski. This argument fails for several reasons. First, it has not been established that the school district's "practice" is to file claims against itself on behalf of injured students. Second, even if it had done so, plaintiff has established no connection, between that prior conduct and his failure to verify his claim in this case. Under Plaintiff's logic, no notice at all would have been required, and he would have been free to simply and immediately

commence this action, without regard to any of the requirements of Chapter 4.96 RCW. Finally, and in any event, there is no legal authority for the proposition that pre-incident acts can result in a waiver or estoppel from asserting the claims filing procedure as a defense. The authority cited by the Plaintiff, *Dyson v. King County*, 61 Wash.App. 243, 809 P.2d 769 (1991), does not address a similar factual situation. Instead, *Dyson* involved a defendant who failed to assert the plaintiff's failure to comply with the filing procedure in its answer and while subsequently defending the case:

> Here, the City appeared and filed its answer without mentioning Dyson's failure to comply with the claim filing ordinance. It proceeded to defend the case, but waited until the applicable statute of limitations had run on each of the underlying incidents before raising the defense for the first time in the form of a summary judgment motion to dismiss.

*Dyson*, 61 Wash.App. at 245, 809 P.2d 769. Under those facts, the defendant was estopped from asserting the plaintiff's failure as a defense. The facts in this case are wholly different: the defendants did assert the defense in their Answer, and they did not delay in affirmatively asserting the defense as a bar, in the form of this motion.

■ Plaintiff's second equitable argument fails for similar reasons. Plaintiff's counsel claims that he has asserted and resolved claims against the Bremerton School District in the past without complying with the requirements of RCW 4.96.020. He apparently argues that the district has waived the filing requirements for all claims, or at least for all claims in which Mr. Noski represents the plaintiff. There is no legal or logical support for such a conclusion. A party's failure to assert an affirmative defense—for exam-

ple, the statute of limitations—in one case does not mean that it has waived its right to assert the defense in another.

Plaintiff's third equitable defense is related, and suffers from similar deficiencies. Plaintiff argues that the district "treated the claim as properly filed" and that it therefore should be "barred" from asserting that it was not. Plaintiff cites only an unreported opinion [*Holmstrom v. Bellingham*, 1999 WL 71983, 1999 Wash.App. LEXIS 279] for this proposition, but the holding in that case, like the holding in *Dyson*, depended upon the defendant's failure to assert the defense during "two years of litigation." No such delay is present in this case. The Defendant's Answer contained the affirmative defense of failure to comply with Chapter 4.96 RCW, and this motion, seeking adjudication of that issue, was filed promptly thereafter. Based on the Plaintiff's failure to comply with the requirements of RCW 4.96.020, his state law tort claims[1] against the School District must be DISMISSED.

■ The remaining issue is Plaintiff's argument that his failure to comply with Chapter 4.96 RCW does not affect his intentional tort claims against Ms. Finin (for defamation and outrage) and the other individual defendants (for outrage). Mr. Atkins argues that the requirements of Chapter 4.96 RCW apply only to employees "performing or purporting in good faith to perform their official duties." *See Medina*, 147 Wash.2d at 316, 53 P.3d 993. Based on this premise, he states that Ms. Finin was not so acting when she called the plaintiff a "porch monkey."

As an initial matter, there can be no doubt that the other individual defendants were performing, or purporting in good faith to perform, their official duties when they investigated and ultimately denied the Plaintiff's claim based on the comment. Plaintiff does not contend otherwise. The Plaintiff's claims against the other individual defendants is subject to the notice requirements of Chapter 4.96 RCW. In addition to the deficiencies described above, Mr. Noski's "notice" letter did not even address these defendants or their alleged tortious conduct. The tort claims against them must therefore be DISMISSED. The remaining issue, then, is whether the Plaintiff has established for purposes of summary judgment that Defendant Finin was not acting or purporting in good faith to act in furtherance of her official duties when she made the comment. Plaintiff states that she was not, arguing that because the torts were intentional, they were outside the scope of her employment. Thus, he reasons, Ms. Finin's conduct would not subject the District's funds to payment of any judgment, and the notice requirements of Chapter 4.96 RCW do not apply to his claims against her.

This reasoning is circular. Accepting it would mean in most cases that there would not be vicarious liability, as any employer would argue successfully that any conduct exposing it to liability was outside the scope of the employee's employment. Furthermore, and in any event, this argument has been rejected in Washington.

In *Robel v. Roundup*, 148 Wash.2d 35, 59 P.3d 611 (2002), the Washington Supreme Court held that an employer is vicariously liable for the intentional conduct of its employees, even if it is tortious, so long as it occurs in the scope of the individual's employment. The conduct at issue there, as here, was offensive name calling at the place of business, during business hours, while on the job. *Id.* at 52, 59 P.3d 611.

---

1. The Defendants do not seek summary dismissal of the Plaintiff's Title VI claim, and the court makes no ruling on the applicability of the RCW 4.96.020 defense to this claim.

Mr. Atkins has not established, and it does not appear that he could establish, that Ms. Finin's conduct was beyond the scope of her employment. If the conduct was tortious, the School District would be vicariously liable for it, and its funds would be in jeopardy. For this reason, the notice requirements of Chapter 4.96 RCW apply to the claims against her. As discussed above, these requirements were not satisfied as a matter of law, under recent Washington authority directly on point. Plaintiff's state law intentional tort claims against Ms. Finin are therefore DISMISSED. Defendants' Motion for Partial Summary Judgment [Dkt. # 9] is GRANTED.