[No. 61047-3-I. Division One. January 12, 2009.]

JANICE A. JOHNSON, *Appellant*, v. KING COUNTY, *Respondent*.

---

222

*Kenneth W. Masters* and *Shelby Lemmel* (of *Wiggins & Masters, PLLC*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Kerry J. Keefe, Deputy*, for respondent.

¶1 SCHINDLER, C.J. — As a condition precedent to filing a lawsuit for tort damages against a governmental entity, a claimant must strictly comply with the statutory requirements by personally verifying the claim, and the failure to do so can result in dismissal. But where, as here, the claimant signs the tort claim under penalty of perjury and the place of signing is reasonably inferred from the information provided in the claim, the failure to explicitly state the place of signing is not fatal and does not deprive the court of jurisdiction. We reverse the trial court's dismissal of Janice Johnson's lawsuit against King County and remand.

¶2 According to Janice A. Johnson, on October 7, 2003, a bus hit her car while she was approaching an intersection in downtown Seattle. On November 24, Johnson filed a claim for damages against King County Metro Transit (King County), claim number 34303.

¶3 The King County claim form directs the claimant to provide specific "details about your damage or loss," includ-

ing the date, the time and witnesses; to sign the form under penalty of perjury; and to return it to the King County clerk. Johnson's claim provides the date, time, location of the collision, and the bus and route number. Johnson listed her residence address as "605½ S. Main Seattle WA" and said that the accident occurred in downtown Seattle at 3:30 p.m. on October 7, 2003 at "1st Ave and So. King Street." Johnson described what happened as follows:

> I was stopped for a red light and as [the] light changed I was [accelerating]. Just driving down the street when I heard a huge boom sound. Everything went black. My car had stopped and it was not heading straight. I looked behind and saw the bus.

Johnson also stated that she was injured in the collision and was receiving medical treatment.

¶4 On the signature line, Johnson signed the King County claim form as "Jan Johnson," and stated that " 'I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.' " On the line for the "(Date and Place, City, State)," Johnson wrote the date but did not state the place of signing.

¶5 By letter dated January 29, 2004, a King County tort claims investigator informed Johnson that her claim had been "approved" and King County had agreed to settle her claim for property damages in the amount of $1,259. The letter stated that King County would pay the claim after Johnson signed the enclosed "Property Damage Release of Claim" form.

¶6 On March 19, Johnson's insurer, Safeco Insurance Company, filed a subrogation claim against King County for property damages in the amount of $1,786. By letter dated July 13, King County informed Johnson that it had settled the claim with Safeco and had approved payment of Johnson's deductible of $200. The letter states that King County would pay Johnson upon receipt of the "Release and Settlement Agreement."

¶7 On September 8, 2005, Michael Matthews ran a red light and hit Johnson's car. Johnson was injured in the collision and the car was damaged.

¶8 On August 2, 2006, Johnson retained an attorney to file a lawsuit against King County and Matthews. At her attorney's request, on August 4, Johnson filled out another King County claim form, claim number 39748. Except for providing additional details about the amount claimed, the name of the bus driver, the estimated cost to repair the car, and Johnson's injuries, the claim is identical to the one that she filed on November 24, 2003. Johnson again signed the form, declaring under penalty of perjury that the information provided in the claim was correct. The claim form is dated August 4, 2006. When Johnson's attorney filed the claim on August 7, he said that he forgot to write "Seattle, WA" next to the date.

¶9 After filing the claim, Johnson's attorney sent two letters to King County to confirm her claim was properly filed. In response, King County stated that it could "only confirm that the Clerk of the Council received and date stamped your client's original claim on November 24, 2003."

¶10 On November 20, 2006, Johnson filed a "Complaint for Personal Injuries in Tort (Automobile)" against King County and Matthews. King County filed an answer denying liability. King County also asserted a number of affirmative defenses, including failure to comply with the statutory claim filing requirements of RCW 4.96.020(3), and failure to comply with the statutory requirements of RCW 9A.72.085 for a verified, unsworn statement. After the lawsuit was filed, King County did not engage in discovery.

¶11 In October 2007, King County filed a motion for summary judgment on one issue:

> Whether defendant King County is entitled to dismissal of this lawsuit because plaintiff has failed to follow the requirements of RCW 9A.72.085 for a valid unsworn statement to exist, which is a condition precedent for filing this action against defendant King County.

¶12 King County argued that because Johnson did not explicitly state the place of signing, she did not comply with the strict verification requirements of the claim filing statute, and requested dismissal. The court granted King County's motion for summary judgment and dismissed Johnson's lawsuit against King County with prejudice. Johnson appeals.[1]

¶13 Johnson contends the trial court erred in dismissing her lawsuit against King County. Johnson argues that because King County approved the first claim even though it did not include the place of signing, King County waived or is estopped from arguing that her claim for damages did not comply with the statutory claim filing requirements. Alternatively, Johnson contends that her verification of the claim for damages meets the requirements of the statute for unsworn statements and the claim filing statute.

¶14 We review the trial court's ruling on summary judgment de novo. *Reyes v. City of Renton*, 121 Wn. App. 498, 502, 86 P.3d 155 (2004). Summary judgment is properly granted if there are no material issues of fact and the moving party is entitled to judgment as a matter of law. CR 56(c). Summary judgment is appropriate if, in view of all the evidence, reasonable persons could reach only one conclusion. *Hansen v. Friend*, 118 Wn.2d 476, 485, 824 P.2d 483 (1992).

¶15 Assuming without deciding that King County did not waive and is not estopped from asserting that Johnson did not comply with the statutory requirements to personally verify the claim for damages, we reach the question of whether, as a condition precedent to complying with the claim filing statute, a claimant must strictly comply with the requirements for unsworn statements under RCW 9A.72.085.

¶16 Statutory interpretation is a question of law we review de novo. *Dep't of Ecology v. Campbell & Gwinn*,

[1] In March 2008, Johnson and Matthews entered into a stipulation and order of dismissal of her claims against Matthews.

*LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). This court's primary goal in interpreting statutes is "to ascertain and give effect to legislative intent." *State v. Pac. Health Ctr., Inc.*, 135 Wn. App. 149, 158-59, 143 P.3d 618 (2006). "Statutes on the same subject matter must be read together to give each effect and to harmonize each with the other." *US W. Commc'ns, Inc. v. Utils. & Transp. Comm'n*, 134 Wn.2d 74, 118, 949 P.2d 1337 (1997).

■ ¶17 Every provision of a statute must be viewed in relation to other provisions and harmonized if at all possible. *In re Arbitration of Mooberry*, 108 Wn. App. 654, 657, 32 P.3d 302 (2001). Statutes relating to the same subject must be read together as a unified whole, to achieve a harmonious statutory scheme that maintains the integrity of the respective statutes. *In re Mooberry*, 108 Wn. App. at 657.

■ ■ ¶18 Strict compliance with the statutory claim filing procedure in chapter 4.96 RCW is a condition precedent to filing a lawsuit for damages against a governmental entity. RCW 4.96.020(3) sets forth the requirements for a claim for damages:

> All claims for damages arising out of tortious conduct must locate and describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose. If the claimant is incapacitated from verifying, presenting, and filing the claim in the time prescribed or if the claimant is a minor, or is a nonresident of the state absent therefrom during the time within which the claim is required to be filed, the claim may be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing the claimant.

We have held that RCW 4.96.020(3) requires a claimant to personally verify the claim for damages unless the claimant

meets one of the three statutory exceptions. *Reyes*, 121 Wn. App. at 503-04; *see also Schoonover v. State*, 116 Wn. App. 171, 184, 64 P.3d 677 (2003) ("although RCW 4.96.020 does not *expressly* require verification of a tort claim against a local government agency, it does contain language from which we can infer such a requirement").

■ ¶19  Under RCW 9A.72.085, a person may verify an unsworn statement by signing and certifying that the information is true under penalty of perjury and stating the date and place of signing. RCW 9A.72.085 provides:

> Whenever, under any law of this state or under any rule, order, or requirement made under the law of this state, any matter in an official proceeding is required or permitted to be supported, evidenced, established, or proved by a person's sworn written statement, declaration, verification, certificate, oath, or affidavit, the matter may with like force and effect be supported, evidenced, established, or proved in the official proceeding by an unsworn written statement, declaration, verification, or certificate, which:
>
> (1) Recites that it is certified or declared by the person to be true under penalty of perjury;
>
> (2) Is subscribed by the person;
>
> (3) States the date and place of its execution; and
>
> (4) States that it is so certified or declared under the laws of the state of Washington.
>
> The certification or declaration may be in substantially the following form:
>
> "I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct":
>
> . . . . . . . . . . . . . . .        . . . . . . . . . . . . . .
> (Date and Place)          (Signature)
>
> This section does not apply to writings requiring an acknowledgement, depositions, oaths of office, or oaths required to be taken before a special official other than a notary public.

■ ¶20  Here, it is undisputed that Johnson personally signed and dated the King County claim form under pen-

alty of perjury but did not expressly state the "place" of signing. Johnson asserts that even absent a specific reference to the place of signing, her verification is valid because it substantially complies with the requirements of RCW 9A.72.085 and the place of signing is apparent from the face of the document. King County contends that Johnson had to strictly comply with the requirements of RCW 9A.72.085 as a condition precedent to filing a claim under RCW 4.96.020(3). Case law does not support King County's position.

¶21 In *Veranth v. Department of Licensing*, 91 Wn. App. 339, 341, 959 P.2d 128 (1998), we held that the failure to designate the place of signing in a certified report did not deprive the Department of Licensing of jurisdiction. In *Veranth*, the plaintiff argued that the abbreviation " 'SDP, N. PCT' " did not comply with the requirements of RCW 9A.72.085 to designate the " '[p]lace signed.' " 91 Wn App. at 341. After reviewing the case law, we concluded that there was "no support" for a strict interpretation of RCW 9A.72.085. *Veranth*, 91 Wn. App. at 343. We also concluded that "[a]ny uncertainty in the abbreviation is easily resolved by examining the rest of the document" and any deficiency in designating the place of signing was "merely a technical one" that did not deprive the department of jurisdiction. *Veranth*, 91 Wn. App. at 342, 343.

¶22 In *Manius v. Boyd*, 111 Wn. App. 764, 770 n.5, 47 P.3d 145 (2002), the trial court granted a motion to strike a request for a trial de novo because the certificate of service did not include the "place of signing." (Emphasis omitted.) We reversed, holding that even though the certificate did not expressly state the place of signing, "such originating address is reasonably implied" from the certificate of service signed under penalty of perjury. *Manius*, 111 Wn. App. at 770.[2] We also noted that requiring an additional state-

---

[2] King County's argument that *Manius* is distinguishable because the question of verification arose in the context of compliance with the Mandatory Arbitration Rules (MAR) is unpersuasive. The MAR also requires strict compliance with the filing requirements. *Manius*, 111 Wn. App. at 771; *cf. Nevers v. Fireside, Inc.*, 133

ment of the place of signing served no useful purpose. *Manius*, 111 Wn. App. at 770.

¶23 Here, there is no dispute that Johnson verified the information provided in the claim under penalty of perjury. There is also no dispute that any of the information was incorrect. In the claim for damages, Johnson set forth the Seattle address where she had lived and worked for at least six months prior to the accident and she provided details about the collision that occurred in downtown Seattle. As in *Veranth* and *Manius*, even though Johnson failed to state the place of signing, because that information is reasonably inferred from the information provided in the claim, she substantially complied with the requirements of RCW 9A.72.085 and the trial court erred by dismissing her lawsuit against King County. Reading the statutory scheme as a whole and maintaining the integrity of the two statutes, we conclude that while RCW 4.96.020(3) requires a claimant to personally verify the claim for damages, failure to state the place of signing under RCW 9A.72.085 is not fatal to complying with the requirements of the claim filing statute.

¶24 *Atkins v. Bremerton School District*, 393 F. Supp. 2d 1065, 1068 (W.D. Wash. 2005) does not support King County's argument that a claimant must strictly comply with RCW 9A.72.085 as a condition precedent to complying with RCW 4.96.020(3). In *Atkins*, the court did not address compliance with RCW 9A.72.085. The *Atkins* court followed our decision in *Reyes* and dismissed the lawsuit because Atkins did not personally verify the claim.

> [T]he first two deficiencies—failure to send the letter to Ms. Hyde, and the fact that the letter was not verified—are not "content" issues. They are instead part of the claim filing procedure itself, more akin to the 60 day requirement of RCW 4.96.020(4). "Failure to strictly comply with statutory filing requirements leads to dismissal of the action. This court is

Wn.2d 804, 815, 947 P.2d 721 (1997) ("requiring strict compliance with the filing requirements set forth in the rule better effectuates the Legislature's intent in enacting the statutes providing for mandatory arbitration of certain civil cases").

obliged to give full effect to the plain language of the statute even when the results of doing so may seem unduly harsh."

*Atkins,* 393 F. Supp. 2d at 1068 (quoting *Reyes,* 121 Wn. App. at 502).[3]

¶25 The other cases King County cites to support its position that strict compliance with RCW 9A.72.085 is necessary in order to comply with the requirements of RCW 4.96.020(3) are also distinguishable. In *Medina v. Public Utility District No. 1 of Benton County,* 147 Wn.2d 303, 53 P.3d 993 (2002), the Washington Supreme Court held that "where time requirements are concerned," a plaintiff must strictly comply with the claim filing statute. *Medina,* 147 Wn.2d at 317. Similarly, in *Sievers v. City of Mountlake Terrace,* 97 Wn. App. 181, 184-85, 983 P.2d 1127 (1999), this court affirmed dismissal because the claimant filed 59 days after service instead of the required 60. But here, it is undisputed that Johnson complied with the time limits of the claim filing statute.

¶26 In sum, because Johnson complied with the statutory requirement to personally verify the claim for damages under penalty of perjury, and the place of signing was reasonably inferred from the information she provided in the claim, Johnson's failure to specifically set forth the place of filing is not fatal and did not deprive the court of jurisdiction.[4] We reverse and remand for trial.

ELLINGTON and LEACH, JJ., concur.

---

[3] Likewise, *Schoonover* also holds that a claimant must personally verify a claim for damages in order to sue a governmental entity. *Schoonover,* 116 Wn. App. at 176 (Schoonover did not personally verify the information in the claim form.). King County's reliance on a footnote in *Davis v. West One Automotive Group,* 140 Wn. App. 449, 455 n.1, 166 P.3d 807 (2007), to argue that an unsworn declaration "must meet the explicit requirements of RCW 9A.72.085" is also misplaced. In *Davis* the court concluded that unsworn declarations were not properly before the trial court on summary judgment. *Davis,* 140 Wn. App. at 455 n.1. Nevertheless, the court stated in the footnote that even if the declarations had been properly submitted, there was an "absence of any genuine issue of material fact . . . ." *Davis,* 140 Wn. App. at 455 n.1.

[4] Consequently, we need not reach Johnson's constitutional arguments. *Isla Verde Int'l Holdings, Inc. v. City of Camas,* 146 Wn.2d 740, 753, 49 P.3d 867

(2002) ("if a case can be decided on nonconstitutional grounds, an appellate court should refrain from deciding constitutional issues").