82

[No. 37758-6-II.   Division Two.   September 1, 2009.]

Lisa Gates, *Respondent*, v. The Port of Kalama, *Petitioner*.

*Gregory B. Curwen* and *Elizabeth A.C. Thompson* (of *Gierke Curwen Dynan Jones*), for petitioner.

*Kurt A. Anagnostou*, for respondent.

¶1 VAN DEREN, C.J. — The Port of Kalama (Port) appeals from a denial of its summary judgment motion, arguing that Lisa Gates failed to comply with a statutory requirement to file a personally verified administrative claim before commencing her personal injury case. Based on the plain language of the statute in effect when Gates filed her claim, we affirm the trial court's denial of the Port's summary judgment motion and remand for further proceedings.

## FACTS[1]

¶2 According to Gates,[2] on October 22, 2004, she slipped and fell on steps while viewing a rental property owned by the Port. Gates said that she fell backwards and hit the back of her head and neck, injuring both. As a result of the fall, she alleged that she suffered various medical problems, incurred substantial medical bills, and lost wages due to her inability to work.

¶3 On January 28, 2005, Gates sent a letter to the Port, according to claim filing instructions it gave her, describing what had occurred and her resulting injuries. She signed the letter but she did not verify its contents. An adjuster for the Port contacted her to obtain additional information. When the adjuster asked for a recorded statement, Gates hired an attorney, Kurt Anagnostou. On October 5, the Port's attorney conducted and recorded a telephone interview.

¶4 Anagnostou sent a letter dated August 10, 2007, to the Port's finance manager and auditor, Stuart Shelby, detailing Gates's claim and proposing a settlement. Gates did not sign that letter.

---

[1] Gates consecutively numbered each document in the clerk's papers and cites, not to the page number, but generally to the document number. Accordingly, Gates's brief fails to follow RAP 10.4(f) citation requirements and it fails to direct us to specific parts of the record that support her arguments. But we do not impose sanctions under RAP 18.9(a) on this occasion, expecting that she will not repeat the error.

[2] We accepted discretionary review before trial and, thus, rely on the alleged facts.

¶5 In October 2007, Anagnostou contacted the Cowlitz County Auditor's Office to determine the identity of the Port's designated agent for service of claims.[3] A deputy auditor told Anagnostou that the Port had not designated an agent and that the county's computer system contained information on public agencies' designated agents for service from 1987 forward. To verify that the computer's records were current, Anagnostou asked for the identity of the Port of Longview's agent, which the auditor's computer system listed. Anagnostou's legal assistant then manually searched the auditor's records to determine whether the Port had appointed an agent for service but was unable to locate any such designation.

¶6 Gates filed this lawsuit on October 17, 2007, within the three year statute of limitations,[4] and served both the Port and LAM Management, Inc., the Port's leasing agent, doing business as Allen & Associates Property Management. The Port's answer raised Gates's failure to comply with the claim-filing statute, RCW 4.96.020,[5] as one of several affirmative defenses.

¶7 On January 7, 2008, Gates filed an application for preliminary hearing regarding service on the Port or, in the

---

[3] Former RCW 4.96.020(2) (2006) stated, "The governing body of each local governmental entity shall appoint an agent to receive any claim for damages made under this chapter."

[4] This state requires plaintiffs to commence actions for personal injury within three years, unless a special statute of limitations applies. *See* RCW 4.16.080(2); 16 DAVID K. DEWOLF & KELLER W. ALLEN, WASHINGTON PRACTICE: TORT LAW AND PRACTICE § 9.10, at 286-87 (3d ed. 2006).

[5] In March 2006, the governor signed into law amendments to former RCW 4.96.020 (2001) that expanded the agents of local government who may benefit from these statutory protections and provided that a local government's failure to comply with the statute precluded its ability to raise that statutory defense. LAWS OF 2006, ch. 82, § 3. These amendments became effective in June 2006. 2 LEGISLATIVE DIGEST AND HISTORY OF BILLS, 59th Leg., at 657 (2d ed., Wash. 2005-06). Here, Gates filed her claims before and after June 2006 but, throughout the opinion, we cite to the June 2006 version of the statute.

In May 2009, the governor signed into law a bill revising former RCW 4.96.020 (2006) and former RCW 4.92.100 (2006) to explicitly require verification of claims against local governments and the State. LAWS OF 2009, ch. 433, § 1. These new amendments became effective on July 26, 2009, and do not apply here. LAWS OF 2009, ch. 433, § 1.

alternative, a motion to enlarge time. This application stated that the auditor had finally located the Port's resolution naming its "Finance Manager/Auditor," Shelby, as its agent for service of claims. Clerk's Papers at 28. Anagnostou had already sent the claim to Shelby on August 10, 2007, more than 60 days before Gates filed the lawsuit on October 17. The Port responded on January 9, 2008, arguing that Gates had failed to personally verify her claim. The same day, Anagnostou filed an amended notice of claim with Shelby that was signed by Gates and notarized.

¶8 The Port unsuccessfully moved for summary judgment on the basis that Gates failed to comply with the statutory claim filing requirements. Gates unsuccessfully moved to nullify the service of her complaint on the Port to allow her to serve her complaint 60 days after she had refiled the claim on January 9 and still fall within the tolling period.

¶9 The trial court certified its decision for discretionary review, and the Port appeals.

## ANALYSIS

I. STANDARD OF REVIEW

¶10 We review a trial court's rulings on statutory construction de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). When reviewing a summary judgment order, we make the same inquiries as the trial court. *Cowlitz Stud Co. v. Clevenger*, 157 Wn.2d 569, 573, 141 P.3d 1 (2006); *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 394, 823 P.2d 499 (1992). We consider all the facts and reasonable inferences in the light most favorable to the nonmoving party, that is, Gates.[6]

---

[6] The trial court made findings of fact in the order denying summary judgment. But findings of fact entered in summary judgment proceedings are "merely superfluous and of no prejudice" to the Port on appeal; therefore, the Port's failure to assign error to them does not make them verities. *State ex rel. Carroll v. Simmons*, 61 Wn.2d 146, 149, 377 P.2d 421 (1962); *see Chelan County Deputy Sheriffs' Ass'n v. County of Chelan*, 109 Wn.2d 282, 294 n.6, 745 P.2d 1 (1987). Because the trial court found that Gates's actions did not comply with the statute,

*Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). Summary judgment is appropriate if "there is no genuine issue as to any material fact" and the moving party shows that he or she is "entitled to a judgment as a matter of law." CR 56(c). "A genuine issue of material fact exists where reasonable minds could differ on the facts controlling the outcome of the litigation." *Ranger Ins. Co.*, 164 Wn.2d at 552.

## II. CLAIM FILING REQUIREMENTS

¶11 The Port contends that the trial court erred by denying summary judgment because Gates failed to either file a personally verified administrative claim with the Port before filing her lawsuit or establish equitable estoppel. Gates contests the view that former RCW 4.96.020(3) (2006) required claim verification. We agree with Gates.

¶12 In 1967, Washington's legislature abolished sovereign immunity for the state's political subdivisions by enacting chapter 4.96 RCW. *Sievers v. City of Mountlake Terrace*, 97 Wn. App. 181, 183, 983 P.2d 1127 (1999). This chapter established the requirements for filing tort claims against local governmental entities. *Sievers*, 97 Wn. App. at 183. As a municipal corporation, the Port is one such governmental body. *See* RCW 4.96.010(2); RCW 39.50.010.

¶13 "Filing a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages." RCW 4.96.010(1).

All claims for damages arising out of tortious conduct must locate and describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose. If the claimant

its ruling implied that she substantially complied or that her compliance was excused.

is incapacitated from verifying, presenting, and filing the claim in the time prescribed or if the claimant is a minor, or is a nonresident of the state absent therefrom during the time within which the claim is required to be filed, the claim may be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing the claimant.

Former RCW 4.96.020(3) (2006). "Verification" means attesting to the truth of the matter under oath. *See Haynes v. City of Seattle*, 87 Wash. 375, 377-78, 151 P. 789 (1915). RCW 9A.72.085 permits verification of unsworn written statements by signing and certifying, under penalty of perjury, that the information is true and providing the date and place of signing. After filing a claim with the entity's designated agent, the claimant must wait 60 days before filing the lawsuit, during which the statute of limitations is tolled. Former RCW 4.96.020 (2006).

¶14  In *Schoonover v. State*, 116 Wn. App. 171, 175-76, 64 P.3d 677 (2003), a plaintiff appealed the trial court's dismissal of his civil suit against the State. Although counsel signed the claim on Schoonover's behalf after the client executed a durable power of attorney, the trial court nevertheless dismissed the case because Schoonover failed to personally verify his claim under former RCW 4.92.100 (2002).[7] *Schoonover*, 116 Wn. App. at 175-76, 177 n.1. We affirmed the dismissal based on the clear statutory language requiring claim verification and his failure to estab-

---

[7] Former RCW 4.92.100 (2002) read:

All claims against the state for damages arising out of tortious conduct shall be presented to and filed with the risk management division. All such claims shall be verified and shall accurately describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose. If the claimant is incapacitated from verifying, presenting, and filing the claim or if the claimant is a minor, or is a nonresident of the state, the claim may be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing the claimant.

With respect to the content of such claims this section shall be liberally construed so that substantial compliance will be deemed satisfactory.

lish equitable estoppel. *Schoonover*, 116 Wn. App. at 178, 180-81. We also rejected Schoonover's equal protection challenge, which he raised by comparing former RCW 4.92.100 (2002) with former RCW 4.96.020(3) (2001)— respectively, the filing requirements for claims against the State and local governments. *Schoonover*, 116 Wn. App. at 181-84. We held:

> [A]lthough RCW 4.96.020 does not *expressly* require verification of a tort claim against a local governmental agency, it does contain language from which we can infer such a requirement. The language describing the requirements for tort claims is identical in RCW 4.96.020 and RCW 4.92.100. Both statutes require verification by the claimant of the claim unless the claimant meets one of the three statutory exceptions. Reviewing the statutory scheme as a whole to the end of maintaining the integrity of the respective statutes, we conclude that RCW 4.96.020 has the same verification requirements as RCW 4.92.100 and Schoonover does not present an adequate equal protection challenge.

*Schoonover*, 116 Wn. App. at 184. But we respectfully disagree with our learned colleagues in *Schoonover* that the plain language of former RCW 4.96.020 (2001) required claim verification and diverge from their holding here.[8]

¶15 We must first determine whether the plain language of former RCW 4.96.020(3) (2006) required claim verification. *See Christensen v. Ellsworth*, 162 Wn.2d 365, 372-73, 173 P.3d 228 (2007). We look to the statute itself, its context, its related provisions, and the entire statutory scheme. *Christensen*, 162 Wn.2d at 373. We also construe statutes " 'so that all the language used is given effect, with

---

[8] Citing *Schoonover*, Division One has held that former RCW 4.96.020(3) (2006) required personal verification, absent one of the statutory exceptions. *Johnson v. King County*, 148 Wn. App. 220, 226-27, 198 P.3d 546 (2009); *Delos Reyes v. City of Renton*, 121 Wn. App. 498, 503-04, 86 P.3d 155 (2004). Reyes pointed out that the legislature removed an explicit verification requirement from RCW 4.96.020 in 1993. *See Delos Reyes*, 121 Wn. App. at 503; *see also* LAWS OF 1993, ch. 449, § 3. Division One rejected these statutory and legislative history arguments, ruling that its interpretation provided harmony and gave effect to every word. *Delos Reyes*, 121 Wn. App. at 504. Thus, we recognize that our opinion here respectfully diverges from the Division One holdings as well.

no portion rendered meaningless or superfluous.' " *State v. Roggenkamp*, 153 Wn.2d 614, 624, 106 P.3d 196 (2005) (internal quotation marks omitted) (quoting *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003)). If a plain meaning analysis fails to resolve the issue, we look to legislative history and relevant case law to discern legislative intent. *Christensen*, 162 Wn.2d at 373.

¶16 We conclude that former RCW 4.96.020(3) (2006) did not require claim verification. The statute provided only that "[a]ll claims . . . must locate and describe" the related facts and context of the claimant's injuries. Former RCW 4.96.020(3) (2006). It mentioned verification permissively only "[i]f the claimant is incapacitated from verifying, presenting, and filing the claim in the time prescribed or if the claimant is a minor, or is a nonresident of the state absent therefrom during the time within which the claim is required to be filed." Former RCW 4.96.020(3) (2006). Then, "the claim *may be verified*, presented, and filed on behalf of the claimant." Former RCW 4.96.020(3) (2006) (emphasis added). This permissive language failed to require verification even in these three exceptional cases. *See* former RCW 4.96.020(3) (2006).

¶17 Moreover, the legislative history of RCW 4.96.020 supports our interpretation that it did not require Gates to verify her claim. We are mindful that our "fundamental objective is to ascertain and carry out the [l]egislature's intent." *Campbell & Gwinn*, 146 Wn.2d at 9. In 1993, lawmakers removed the verification requirement from former RCW 4.96.020(3). Laws of 1993, ch. 449, § 3. Because our review of the legislative record from 1993 to the 2009 change, reinstating the verification requirement, found no other relevant indicia of intent, we conclude that the 1993 amendment signaled the legislature's unmistakable intent to differentiate between claims filed against local governments and those filed against the State.

¶18 Even though the statute's plain language resolves this issue, we compare it to former RCW 4.92.100 (2002), the statute addressing tort claims against the State.

Former RCW 4.92.100 (2002) plainly required that "[a]ll such claims shall be verified." While we seek statutory harmony, we nevertheless deem that the legislature intended a different meaning when it employed different terms and " 'meant exactly what it said.' " *Roggenkamp*, 153 Wn.2d at 623-25 (internal quotation marks omitted) (quoting *In re Recall of Pearsall-Stipek*, 141 Wn.2d 756, 767, 10 P.3d 1034 (2000)).

¶19 Although the trial court ostensibly denied the Port summary judgment because Gates substantially complied with this statute, we can affirm the trial court on any basis supported by the parties' pleadings and the proof. *See Niven v. E.J. Bartells Co.*, 97 Wn. App. 507, 513, 983 P.2d 1193 (1999). Here, Gates sent a January 2005 letter to the Port describing the accident and her injuries. Gates's counsel also filed a claim with the Port's designated agent (even though the auditor did not provide that name) on August 10, 2007, detailing Gates's claim according to the statute.

¶20 Under these circumstances, we hold that Gates complied with the applicable statutory requirements to "locate and describe" the circumstances of her injury and satisfied the conditions precedent to bringing suit against the Port. *See* RCW 4.96.010; former RCW 4.96.020(3) (2006). Therefore, because the Port has not demonstrated that it is entitled to judgment as a matter of law, we affirm the denial of summary judgment and remand for further proceedings.

BRIDGEWATER and PENOYAR, JJ., concur.