Joe A. MACRI; Louise Macri; Joe F. Macri; and Eleanor Macri, Plaintiffs–Appellants,

v.

KING COUNTY, a political subdivision of the State of Washington, Defendant–Appellee.

No. 95–35709.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 1996.

Decided April 21, 1997.

As Amended on Denial of Rehearing and Rehearing En Banc Sept. 17, 1997.*

---

\* Judge O'Scannlain has voted to reject the suggestion for rehearing en banc and Judge Beezer and

Judge Browning so recommend.

1126

John M. Groen, Bellevue, Washington, for plaintiffs-appellants.

Cassandra M. Newell, Sr., Deputy Prosecuting Attorney, King County, Washington, for defendant-appellee.

Before: BEEZER and O'SCANNLAIN, Circuit Judges, and BROWNING, District Judge.[1]

WILLIAM D. BROWNING, District Judge:

I

Appellants' preliminary plat application was denied by Appellee ("the County"). A

---

1. The Honorable William D. Browning, United States District Judge for the District of Arizona, sitting by designation.

Washington state superior court ruled that the denial was wrongful and a preliminary application was granted. Appellants then filed this action in state court, alleging civil rights violations under 42 U.S.C. § 1983, a federal takings violation, and various state law violations. The County removed the action to federal court. The district court dismissed all federal claims and two of the state claims, and remanded the state inverse condemnation claim to state court. Appellants appeal the judgment dismissing the claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## II

In March 1990, Appellants filed an application with King County to subdivide their 3.1 acre property located on a dead end road in King County into 11 lots. After two hearings, the Hearing Examiner recommended that the application be denied because of inadequate access. The Hearing Examiner considered basing the decision on an informal "rule of thumb" often followed by the County that generally limited the number of lots which could be developed in an area with only one access road (the "100–lot" limit). However, the Hearing Examiner explicitly rejected the rule of thumb as a basis for his ruling because of its informal nature and instead relied upon a county ordinance allowing denial of an application if provision is not made for "the public health, safety, and welfare." Wash. Rev.Code § 58.17.110. The County Council adopted the Hearing Examiner's recommendation and denied the application on January 27, 1992. Appellants brought a writ of certiorari in King County Superior Court to review the denial. On January 7, 1994, the superior court judge found the County's action "arbitrary and capricious," among other things, and ordered the County to approve the application. The superior court based its decision in part on its belief that the Hearing Examiner's decision was based on the informal rule of thumb and that the rule of thumb was arbitrary on

its face and as applied. Also, the superior court found a lack of nexus between Appellants' proposed subdivision and the "alleged [access] problem." Finally, despite the fact that the complaint sought only review of the County Council's action, the superior court also heard arguments on constitutional issues. The court concluded that Appellants' substantive due process rights had been violated, and that the County's action had resulted in a taking without compensation in violation of the Fifth Amendment. Pursuant to the superior court's order, the County granted preliminary approval for the plat on February 28, 1994.[2]

Appellants brought this action against King County in the King County superior court on February 4, 1994. They claimed statutory damages for arbitrary agency action under Wash. Rev.Code Ch. 64.40, damages for inverse condemnation under the Washington Constitution, and civil rights violations under 42 U.S.C. § 1983, including violations of their substantive due process rights and a taking of property without just compensation contrary to the Fifth and Fourteenth Amendments.[3] King County removed to the federal district court. The district court dismissed all of the federal claims through a series of summary judgments; the district court dismissed the takings claim on the ground that it was not ripe and dismissed the substantive due process claims on the ground that Appellants did not, as a matter of law, demonstrate a violation of their due process rights. The district court also dismissed the state statutory damages claim on limitations grounds, and, declining to exercise supplemental jurisdiction, remanded the remaining state inverse condemnation claim to state court.[4] This appeal followed.

## III

■ We review the district court's grant of summary judgment *de novo*. *Sederquist v. City of Tiburon,* 765 F.2d 756, 759 (9th

---

**2.** As of February 21, 1995, a year after they achieved preliminary approval, Appellants had done nothing further to obtain final approval of their plat application.

**3.** Appellants also brought a state claim for interference with economic expectancy, but the dis-

trict court dismissed that claim with prejudice on the grounds of quasi-judicial immunity. Appellants do not appeal this ruling.

**4.** The state inverse condemnation claim was subsequently settled by the parties in state court.

Cir.1984). The dismissal of the federal takings claim due to ripeness and the dismissal of the state claim based on statute of limitations are reviewed *de novo*. *Dodd v. Hood River County*, 59 F.3d 852, 857 (9th Cir. 1995); *Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir.1993).

## IV

Appellants' claims invoked the substantive protections of the Fourteenth Amendment's Due Process Clause ("nor shall any State deprive any person of life, liberty, or property, without due process of law") and the protections of the Fifth Amendment's Takings Clause ("nor shall private property be taken for public use, without just compensation"). At the time Appellants filed this action, we had recognized the existence of both claims on similar facts. *See Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398 (9th Cir.1989) (as amended), *overruled by Armendariz v. Penman*, 75 F.3d 1311 (9th Cir.1996). Subsequent to the district court's decision, however, this Court, in an *en banc* opinion, held that when an explicit textual provision of the Constitution protects against the challenged government action, the claim must be analyzed under that specific provision alone and not under the more general guarantee of substantive due process. *Armendariz*, 75 F.3d at 1325–26. Relying on the Supreme Court's decision in *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), which held that all claims of excessive force must be brought under the Fourth Amendment's excessive force clause and not under the more general substantive due process analysis, we held that "[s]ubstantive due process analysis has no place in contexts already addressed by explicit textual provisions of constitutional protection, regardless of whether the plaintiff's potential claims under those amendments have merit." *Armendariz*, 75 F.3d at 1325–26.[5]

In *Armendariz*, the plaintiffs alleged that the city performed inspections and over enforced the housing code, eventually causing plaintiffs to lose their property through foreclosure, so that the land could be developed for private gain. We held that "[b]ecause

the ... Fifth Amendment[ ] provide[s] explicit limitations on the type of conduct challenged by plaintiffs, *Graham* dictates that [the Fifth Amendment], not the Fourteenth Amendment's guarantee of substantive due process, should guide the analysis of the plaintiff's claim." *Id.* at 1320. Although the plaintiffs did not bring a takings claim, we held that this aspect of their claim was that of a private taking, i.e., the taking of private property for private use. *Id.* at 1321. The greater part of the opinion is spent in analyzing whether the Fifth Amendment's Takings Clause provides a remedy for private takings. We determined that "the Takings Clause 'provides an explicit textual source of constitutional protection' against 'private takings,'" *id.* at 1324 (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989)), and thus that plaintiffs' substantive due process claim would not stand. *Id.*

The basis for our decision in *Armendariz* was the belief that the substantive due process clause must be expanded only with the greatest care and that its protection is primarily reserved for "liberties 'deeply rooted in this Nation's history and tradition.'" *Id.* at 1319 (quoting *Moore v. City of East Cleveland*, 431 U.S. 494, 503, 97 S.Ct. 1932, 1937, 52 L.Ed.2d 531 (1977)). We noted the Supreme Court's move away from extending substantive due process protection to purely economic interests, *see Lochner v. New York*, 198 U.S. 45, 25 S.Ct. 539, 49 L.Ed. 937 (1905), when the Supreme Court, in "invalidating economic legislation, engaged in a level of judicial activism which was unprecedented in its time and unmatched since." *Armendariz*, 75 F.3d at 1318. Thus, we announced an "exception to the general rule [that a plaintiff can seek relief under multiple constitutional theories], recognized out of a well-placed reluctance to expand the concept of substantive due process.... The scope of substantive due process does not extend to areas addressed by other, more specific provisions of the Constitution." *Id.* at 1326.

▆▆ A second concern we addressed in *Armendariz*, which was also a concern for

---

5. Our decision in *Armendariz* has been affirmed by a three judge panel on facts virtually indistinct

from the facts presented in *Armendariz*. *Patel v. Penman*, 103 F.3d 868 (9th Cir.1996).

Appellants in this case, was a loophole in takings law regarding the ripeness doctrine. Namely, by presenting essentially a takings claim under the claim of substantive due process, plaintiffs were able to avoid the ripeness requirements of *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). It is axiomatic that a takings violation is not complete until the plaintiff has sought compensation through state remedies and been denied, whereas a substantive due process violation is complete as soon as the government action occurs.

■ Appellants' complaint alleges that King County violated their right to due process and took their property without just compensation contrary to the Fourteenth and Fifth Amendments. Specifically, their complaint alleges and their brief argues that King County effected a taking by denying their plat application without substantially advancing a legitimate public purpose and under circumstances denying them any beneficial use of the property. At oral argument, appellants attempted to distinguish *Armendariz* by classifying their claim solely as a due process violation and not as a takings violation at all. They argued that when government action fails substantially to advance a legitimate government purpose, the claim should lie under the Due Process Clause regardless of whether the action involves real property rights. Appellants, however, cannot sidestep *Armendariz* by re-characterizing their claim as lying solely in substantive due process.

The Supreme Court has repeatedly recognized that a land use restriction that does not "substantially advance legitimate state interests" or "denies an owner economically viable use of his land" effects a taking. *Agins v. City of Tiburon,* 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106 (1980); *Nollan v. California Coastal Comm'n,* 483 U.S. 825, 834, 107 S.Ct. 3141, 3147, 97 L.Ed.2d 677 (1987); *Dolan v. City of Tigard,* 512 U.S. 374, 383–85, 114 S.Ct. 2309, 2316, 129 L.Ed.2d 304 (1994). In *Dolan,* the Supreme Court reaffirmed that the Fifth Amendment's Takings Clause applies to the states through the Fourteenth Amendment, rejecting the suggestion that the case was actually grounded in substantive due process. If Ap-

pellants can prove that King County denied their plat application without advancing a legitimate state interest or under circumstances denying them any economically viable use of their property, King County's actions would constitute a taking.

Since the Takings Clause "provides an explicit source of constitutional protection" against the challenged governmental conduct, substantive due process has no place in this context. *Armendariz,* 75 F.3d at 1325; *see Patel v. Penman,* 103 F.3d 868 (9th Cir. 1996).

V

The district court dismissed Appellants' federal takings claim as unripe. Appellants argue that the dismissal on ripeness grounds was improper and that the district court should have remanded the federal takings claim to the state court along with the state inverse condemnation claim.

■ The Fifth Amendment is not offended by the government taking property, but only by the government taking property without just compensation. Thus, a Fifth Amendment takings claim is not ripe until the plaintiff has been denied compensation by the state. *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). If a state has an adequate procedure for compensation, until this procedure has been exhausted and the plaintiff denied compensation, no taking has occurred. *Sinaloa Lake Owners Ass'n,* 882 F.2d at 1402. Washington has an adequate procedure for reimbursement for the taking of property. *Guimont v. Clarke,* 121 Wash.2d 586, 594, 854 P.2d 1, 5–6 (1993). Therefore, dismissal of Appellants' claim on ripeness grounds was proper. *Bateson v. Geisse,* 857 F.2d 1300, 1306 (9th Cir.1988).

The district court also properly remanded the remaining state inverse condemnation claim to state court. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. The district court had dismissed all federal and constitutional claims,

and did not abuse its discretion in remanding the state claim to state court.

■ Appellants argue that their federal takings claim should have been remanded along with the state inverse condemnation claim because, unless the federal claim is considered in state court, Appellants will be precluded from bringing the federal claim on the basis of res judicata. In support of this argument, Appellants cite cases in which the federal court applied principles of res judicata to dismiss a federal claim after the state court had given full and fair consideration to *both* the federal and the state claims. *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364–65 (9th Cir.1993); *Peduto v. City of North Wildwood*, 878 F.2d 725, 726–28 (3rd Cir.1989).[6] However, we have expressly held that the failure of a plaintiff to raise a federal takings claim in state court does not preclude that plaintiff from bringing a subsequent federal takings claim in federal court. *Dodd v. Hood River County*, 59 F.3d 852, 859–60 (9th Cir.1995).[7] Therefore, the district court properly dismissed the federal takings claim.

### VI

Finally, Appellants contend that the district court erred in dismissing their claims under Wash. Rev.Code § 64.40.020 as untimely.

Wash. Rev.Code § 64.40.030 provides:

Any action to assert claims under the provisions of this chapter shall be commenced only within thirty days after all administrative remedies have been exhausted.

■ The County Council adopted Ordinance 10252 denying Appellants' plat application on January 27, 1992. Appellants did not file their claim for damages under Wash.Rev. Code Ch. 64.40 until February 4, 1994, more than two years after the final determination by the County Council. However, while the Council's action would have been the final administrative remedy if Appellants had done nothing, Appellants brought an action in King County Superior Court on February 26, 1992, specifically for the purpose of overturning what Appellants claimed was arbitrary and capricious action by the Council. The superior court ruled in Appellants' favor on January 7, 1994, and ordered the County to approve the application. Appellants are correct that, under these facts, their administrative remedies were not exhausted until February 28, 1994, when, pursuant to the superior court's order on Appellant's writ of certiorari, the County Council finally approved the preliminary plat application. *See Hayes v. City of Seattle*, 934 P.2d 1179, 1183–84 (1997). However, Appellants filed their claim for damages under Wash.Rev.Code Ch. 64.40 on February 4, 1994, more than three weeks *before* the County Council finally approved the preliminary plat application. Appellants claim was therefore unripe under the plain language of § 64.40.030, which explicitly states that actions must be "commenced only within thirty days *after* all administrative remedies have been exhausted." Wash. Rev.Code § 64.40.030 (emphasis added). This conclusion is supported by the decision of the Washington Supreme Court in *Hayes*, which noted that "final action on [applicant's] request for a permit did not occur until the City Council ultimately approved his application [following judicial review of the Council's initial determination]. . . ." *Hayes*, 934 P.2d at 1184. Consequently, Appellants' claim under Ch. 64.40 was properly dismissed by the district court as untimely, not for the reason that it exceeded the limitations period, however, but because it was unripe.

### VII

We accordingly affirm the district court's dismissal of Appellants' substantive due process claim based on *Armendariz v. Penman*, 75 F.3d 1311 (9th Cir.1996), which held that a more general substantive due process claim cannot be brought if the claim is based on governmental conduct which implicates an enumerated constitutional right.

---

6. Appellants also cite *Mission Oaks Mobile Home Park v. City of Hollister*, 989 F.2d 359 (9th Cir. 1993). *Mission Oaks*, however, dealt only with *Younger* abstention and is inapposite for our purposes.

7. *Dodd* also clearly holds that a court can reserve a federal issue so that the issue will not be precluded from further litigation, despite Appellants' assertion that their federal claim will necessarily be precluded by res judicata. *Dodd*, 59 F.3d at 862.

Further, we affirm the district court's grant of King County's cross motion for summary judgment on the federal takings claim on ripeness grounds. Likewise, we affirm the district court's grant of King County's motion to dismiss on the state statutory damages claim for the reason that Appellants' claim was untimely.

AFFIRMED.