Michael S. YELLEN, Plaintiff–
Appellant,

v.

Edward S. ALAMEIDA, Jr.; et
al., Defendants–Appellees.

No. 01–15138.

D.C. No. CV–96–01994–WBS.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 19, 2002.

Before CANBY, BEEZER, and PAEZ,
Circuit Judges.

MEMORANDUM **

Michael S. Yellen, a California state
prisoner, appeals pro se the district court's
judgment for defendants in his 42 U.S.C.
§ 1983 action alleging numerous constitu-
tional violations. We have jurisdiction
pursuant to 28 U.S.C. § 1291. We review
de novo both the district court's dismissal
for failure to state a claim and grant of
summary judgment, *see Barnett v. Cento-
ni,* 31 F.3d 813, 815–16 (9th Cir.1994) (per
curiam), and affirm.

With respect to Yellen's retaliation
claims, we conclude that the district court
properly granted summary judgment for
defendants because Yellen failed to estab-
lish a genuine issue as to the link between
his exercise of constitutional rights and the
allegedly retaliatory action. *See Pratt v.
Rowland,* 65 F.3d 802, 806–07 (9th Cir.
1995).

With respect to Yellen's claim concern-
ing interest earned on his inmate trust
account, we conclude that the district court
properly granted summary judgment be-
cause Yellen failed to provide evidence
that he had exhausted state remedies. *See
Macri v. King County,* 126 F.3d 1125,
1128–29 (9th Cir.1997).

With respect to Yellen's contention that
the district court erred by denying his
motion for an extension of time to file an
opposition to defendants' motion for sum-
mary judgment, we reject the contention
because the district court did not sanction
Yellen for failing to file a timely opposition
and considered the summary judgment
motion on the merits. Moreover, this
court has reviewed Yellen's opposition in
reviewing the district court's grant of sum-
mary judgment.

With respect to Yellen's contention that
the district court erred by denying his
motions to compel, we reject the conten-
tion because any evidence that Yellen
needed to resist summary judgment was
under his control and he failed to file a
motion for additional discovery under Fed.
R.Civ.P. 56(f) as directed by the district
court.

The district court properly dismissed
claims against defendants Reynaga and
Yew on the grounds of absolute immunity.
*See Fry v. Melaragno,* 939 F.2d 832, 837
(9th Cir.1991).

We have considered Yellen's contentions
regarding the surcharge on canteen items,

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

his dismissal from the inmate discussion group, his right of access to the courts and the opening of his legal mail. We reject this contentions as meritless.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.