151 P.3d 1005 (2006)
WESTWAY CONSTRUCTION, INC., and Billy Phelps, Appellants,
v.
BENTON COUNTY and Terry Mardens and Jane Doe Mardens, and their marital community, and Michael Shuttleworth and Jane Doe Shuttleworth, and their marital community, Respondents.
No. 23721-4-III.
Court of Appeals of Washington, Division 3.
December 14, 2006.
Publication Ordered February 6, 2007.
*1007 Joanne G. Comins Rick, Halstead & Comins Rick PS, Prosser, WA, for Appellants.
Mark Robert Johnsen, Attorney at Law, Seattle, WA, for Respondents.
KATO, J.
¶ 1 Westway Construction, Inc. (Westway), applied for and received a special use permit from Benton County to mine and crush rock on Billy Phelps's property. The permit prohibited mining or crushing from March 1 through August 15 because of the existence of a ferruginous hawk nest. Westway and Mr. Phelps sued Benton County for damages under chapter 64.40 RCW, as well as tort and due process claims. Benton County's motion for summary judgment was granted. Westway and Mr. Phelps appeal. We affirm.
¶ 2 On March 30, 2000, Westway applied for a special use permit from Benton County to mine 23,000 tons of rock and operate a 200 ton-per-hour rock crusher on Billy Phelps's property. Westway Constr. Inc. v. Benton County, noted at 117 Wash.App. 1089, 2003 WL 21761953 (2003). Westway needed the rock to perform on a contract for a Benton County road project.
¶ 3 In considering Westway's application, the Planning Department found the site was in a Fish and Wildlife Conservation area. Mark Teske of the Department of Fish and Wildlife told the Planning Department that a ferruginous hawk nest was adjacent to the site and Westway's mining and crushing operation would harm the nest.
¶ 4 On May 16, 2000, the Planning Department imposed a date restriction on the special use permit barring operations from March 1 through August 15, so as not to disturb the hawk's nesting in its mitigated determination of nonsignificance (MDNS). Westway disputed the restriction.
¶ 5 On June 1, 2000, the Benton County Board of Adjustment (Board) held a public hearing on the special use permit and the MDNS. Jason West of Westway told the Board the August 15 date would interfere with at least one of the contract dates. Mr. Teske stated hawks were susceptible to disturbances and would probably abandon their nests and their young if the Board permitted the special use before August 15, when the young would be ready to leave on their own. He also said he had visited the site recently and saw a hawk.
¶ 6 The Board approved the special use permit with the restrictions and rejected Westway's appeal of the MDNS. Westway and Mr. Phelps appealed to the superior court. They sought review under chapter 36.70C RCW, the Land Use Petition Act (LUPA), alleging the Board had violated its right to due process and the decision was not supported by substantial evidence. They also included claims for tortious conduct, unlawful government acts under chapter 64.40 RCW, and civil rights violations.
¶ 7 Westway and Mr. Phelps requested the court to stay enforcement of the Board's *1008 special use restrictions pending its decision. The Benton County Superior Court held a hearing. State biologists conducted an inspection of the site and concluded there was no nest on the site. The court granted a stay of the mitigation conditions on July 26, 2000. The rock crushing operation began and was completed on time.
¶ 8 Westway nevertheless continued with its appeal seeking reversal of the Board's decision. On August 20, 2001, the court affirmed the Board because substantial evidence supported its decision. The court rejected Westway's claim that it had been denied due process in the Board's hearing. Westway and Mr. Phelps appealed to this court, which found substantial evidence did not exist to support the Board's findings. The opinion was issued in July 2003; a mandate was thereafter issued.
¶ 9 On July 9, 2004, Westway and Mr. Phelps filed an amended complaint for damages, alleging the County violated chapter 64.40 RCW because its actions in issuing the permit were arbitrary and capricious. They also sued under various tort theories.
¶ 10 Benton County filed a motion for summary judgment. Rather than responding to this motion, Westway and Mr. Phelps filed an objection to the motion, claiming it was premature. The motion for summary judgment was granted. Westway and Mr. Phelps filed a motion for reconsideration that included new evidence. The court denied the motion on both substantive and procedural grounds. This appeal follows.
¶ 11 We review summary judgment rulings de novo. Grundy v. Thurston County, 155 Wash.2d 1, 6, 117 P.3d 1089 (2005). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions in the record on review demonstrate (1) the absence of any genuine issues of material fact; and (2) the moving party is entitled to judgment as a matter of law. CR 56(c). "`[T]he court must consider all facts submitted and all reasonable inferences from the facts in the light most favorable to the nonmoving party.'" Grundy, 155 Wash.2d at 6, 117 P.3d 1089 (quoting Highline Sch. Dist. No. 401 v. Port of Seattle, 87 Wash.2d 6, 15, 548 P.2d 1085 (1976)).
¶ 12 At the threshold, Benton County claims Westway waived any substantive arguments opposing the entry of summary judgment dismissal because it failed to raise those arguments at the trial court. A summary judgment argument not pleaded or argued to the trial court cannot be raised for the first time on appeal. Sneed v. Barna, 80 Wash.App. 843, 847, 912 P.2d 1035, review denied, 129 Wash.2d 1023, 919 P.2d 600 (1996). Westway did not advance the arguments now made on appeal in any written pleading prior to the summary judgment hearing. The record of the summary judgment arguments, however, establishes that it did make its arguments orally to the trial court. Since the court considered them below, we will consider them on appeal.
¶ 13 Westway and Mr. Phelps claim the court erred by dismissing their claim under chapter 64.40 RCW. That chapter provides an action for property owners aggrieved by a decision on a permit application. Smoke v. City of Seattle, 132 Wash.2d 214, 221, 937 P.2d 186 (1997). RCW 64.40.020(1) provides:
Owners of a property interest who have filed an application for a permit have an action for damages to obtain relief from acts of an agency which are arbitrary, capricious, unlawful, or exceed lawful authority, or relief from a failure to act within time limits established by law: PROVIDED, That the action is unlawful or in excess of lawful authority only if the final decision of the agency was made with knowledge of its unlawfulness or that it was in excess of lawful authority, or it should reasonably have been known to have been unlawful or in excess of lawful authority.
Any assertion of a claim under this statute must be brought no later than 30 days after the exhaustion of all administrative remedies. RCW 64.40.030.
¶ 14 The first ground for dismissing the claim under RCW 64.40.020 was that Westway and Mr. Phelps lacked standing. Benton County alleged Westway lacked standing because it was not the property owner and *1009 Mr. Phelps lacked standing because he did not file the permit application. To resolve this issue, we engage in statutory interpretation.
¶ 15 "The primary rule of statutory construction is to give effect to the legislature's intent." State v. Rizor, 121 Wash.App. 898, 902, 91 P.3d 133 (2004), review denied, 153 Wash.2d 1019, 108 P.3d 1228 (2005). "If a statute's language is clear, `its plain meaning must be given effect without resort to rules of statutory construction.'" Id. (quoting State v. Theilken, 102 Wash.2d 271, 275, 684 P.2d 709 (1984)). A statute is ambiguous when it is susceptible to more than one interpretation. Id.
¶ 16 RCW 64.40.020 is clear. Owners of a property interest who have filed an application for a permit may have a claim under RCW 64.40.020. RCW 64.40.010(3) defines "property interest" as "any interest or right in real property in the state." Mr. Phelps had a property interest, but did not apply for the permit. Westway applied for the permit. But as the contractor, it had no property interest. Thus, neither party had standing to bring a claim under RCW 64.40.020.
¶ 17 Furthermore, the claim was not timely. RCW 64.40.030 requires that an action "shall be commenced only within thirty days after all administrative remedies have been exhausted." Exhaustion of remedies is a prerequisite to filing an action. Smoke, 132 Wash.2d at 222, 937 P.2d 186. It is the issuance of a final, appealable order that establishes the exhaustion of remedies. Id.
¶ 18 Benton County's Board of Adjustment issued findings and conclusions on the permit on June 15, 2000. It issued a permit with mitigating conditions. Had Westway and Mr. Phelps done nothing to try to overturn this action, this would be the date their administrative remedies were exhausted. See Hayes v. City of Seattle, 131 Wash.2d 706, 715, 934 P.2d 1179, 943 P.2d 265 (1997); Macri v. King County, 126 F.3d 1125, 1130 (9th Cir.1997), cert. denied, 522 U.S. 1153, 118 S.Ct. 1178, 140 L.Ed.2d 186 (1998). But they brought an action in superior court on July 7, 2000, asking for the mitigating conditions to be lifted. On July 26, 2000, the court issued an order staying the mitigating conditions and permitting the rock crushing operation to go forward. This date was when the administrative remedies were exhausted. See Hayes, 131 Wash.2d at 715, 934 P.2d 1179; Macri, 126 F.3d at 1130. The initial complaint was filed July 7, 2000, prior to the exhaustion of remedies. It was not timely. Macri, 126 F.3d at 1130. The amended complaint filed July 9, 2004 was also untimely as the filing was past the 30-day requirement. Dismissal was proper.
¶ 19 Westway and Mr. Phelps next contend the court erred by dismissing their 42 U.S.C § 1983 claim. But that claim was also untimely. Because 42 U.S.C § 1983 does not have a specific statute of limitation, the U.S. Supreme Court has directed the lower federal courts to apply the general state law limitations period for personal injury claims. Cloud v. Summers, 98 Wash.App. 724, 733, 991 P.2d 1169 (1999). In Washington, this period is three years. See RCW 4.16.080(2); Conway v. Standard Ins. Co., 23 F.Supp.2d 1199, 1200 (E.D.Wash.1998). Westway and Mr. Phelps did not raise the § 1983 claim until their amended complaint was filed on July 9, 2004. The facts giving rise to this claim occurred in 2000. The claim was untimely.
¶ 20 Westway and Mr. Phelps contend the court erred by dismissing the negligence claim for failure to comply with chapter 4.96 RCW, the non-claim statute. The claim filing statutory scheme of chapter 4.96 RCW provides that "[f]iling a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages." RCW 4.96.010(1). The statute further provides that no action shall be commenced against any local governmental entity for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. RCW 4.96.020(2), (4). A court must dismiss any action commenced in violation of a statutorily mandated claim filing condition precedent. Schmitz v. State, 68 Wash.App. 486, 488-91, 843 P.2d 1109, review denied, 121 Wash.2d 1031, 856 P.2d 383 (1993).
*1010 ¶ 21 On July 7, 2000, a complaint was filed alleging a tort claim pursuant to RCW 4.96.020. In its answer, Benton County raised the failure to comply with the non-claim statute as an affirmative defense. In November 2000, Westway and Mr. Phelps filed a claim pursuant to RCW 4.96.020(4). But that statute requires that they wait for 60 days to file a complaint in order to commence an action. The complaint filed prior to the notice of claim is not sufficient. See Williams v. State, 76 Wash.App. 237, 248, 885 P.2d 845 (1994).
¶ 22 The amended complaint was not filed until July 9, 2004, four years after the alleged tortious conduct. The statute of limitations bars this claim. See RCW 4.96.020 and RCW 4.16.080(2).
¶ 23 Westway and Mr. Phelps assert the doctrines of estoppel and judicial estoppel preclude the application of the non-claim statute and the statute of limitations. Equitable estoppel may apply where an admission, statement, or act has been detrimentally relied on by another party. Campbell v. Dep't of Soc. & Health Servs., 150 Wash.2d 881, 902, 83 P.3d 999 (2004). The essence of judicial estoppel is the same in that the party to be estopped must be asserting a position that is inconsistent with an earlier position. Save Columbia Credit Union Comm. v. Columbia Cmty. Credit Union, 134 Wash.App. 175, 186, 139 P.3d 386 (2006).
¶ 24 In August 2000 and May 2001, there were scheduling orders providing that the parties would engage in discovery, but not file motions with the court on any claims other than LUPA. Westway and Mr. Phelps argue this was an agreement by the County not to enforce any applicable statute of limitations. We disagree. The scheduling orders do not show that Benton County agreed to waive statutory time lines. They cannot establish equitable or judicial estoppel in these circumstances.
¶ 25 Westway and Mr. Phelps contend the court erred by dismissing their fraud claim. This claim is also barred by the statute of limitations because it was not pleaded until July 2004. See RCW 4.16.080(4) (fraud has three-year statute of limitations).
¶ 26 Westway and Mr. Phelps request fees under RAP 18.1. Because they are not the prevailing party, they are not entitled to an award of fees.
¶ 27 Affirmed.
WE CONCUR: BROWN and KULIK, JJ.