**David W. CREVELING, Plaintiff—Appellant,**

v.

**Calvin TRESER; et al., Defendants—Appellees.**

**No. 06–36079.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David W. Creveling, Carlton, WA, pro se.

Jarold P. Cartwright, DAG, Attorney General of Washington, Tort Claims Division, Spokane, WA, for Defendants–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

### MEMORANDUM [**]

David Creveling appeals the district court's grant of summary judgment to defendants on Creveling's conversion and Fifth Amendment taking claims. We review de novo, *Macri v. King County,* 126 F.3d 1125, 1127–28 (9th Cir.1997), and we affirm.

■ Creveling failed to establish a property interest in the fish removed by the state from a canal upstream of his property. Under Washington law, fish are public property while in state waters, WASH. REV. CODE § 77.04.012, which includes all fresh water within the state's boundaries, *see id.* § 77.08.010(34); *Washington Kelpers Ass'n v. State,* 81 Wash.2d 410, 502 P.2d 1170, 1173 (1972).

■ Even if the fish were subject to individual ownership, Creveling's reliance on *Griffith v. Holman,* 23 Wash. 347, 63 P. 239 (1900), is misplaced. *Griffith* established landowners' exclusive right to fish the waters running though their properties. However, Creveling did not own the property surrounding the canal from which the fish were taken.

■ Creveling alleges that he a member of the Methow tribe, which he argues gives him a right by custom in the fish. However, he fails to show how a customary right to fish establishes a property interest in specific fish. *See State v. McCoy,* 63 Wash.2d 421, 387 P.2d 942, 944–45 (1963);

*cf. Washington v. Washington State Commercial Passenger Fishing Vessel Ass'n,* 443 U.S. 658, 682, 99 S.Ct. 3055, 61 L.Ed.2d 823 (1979) (noting that non-treaty fishermen are subject to reasonable state fishing and conservation regulations).

■ Creveling also argues that the Mining Act of 1866, ch. 262, 14 Stat. 251, gives him a property right in the fish. However, the Mining Act merely recognized preexisting water rights. It was not a "grant of water rights pursuant to federal law," *California v. United States,* 438 U.S. 645, 656, 98 S.Ct. 2985, 57 L.Ed.2d 1018 (1978), and did not establish property rights in upstream fish.

■ As Creveling has no property interest in the upstream fish, he suffered no injury. Therefore, he did not have standing to challenge the constitutionality of the portions of Washington's Revised Code at issue here. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

**AFFIRMED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.