[No. 59942-9-I.    Division One.    July 21, 2008.]

ESTATE OF PATRICK NELSON CONNELLY, *By its Personal Representative Richard G. Connelly, Jr., on Behalf of the Estate's Beneficiaries, Petitioner*, v. SNOHOMISH COUNTY PUBLIC UTILITY DISTRICT NO. 1, *Defendant*, LAKE STEVENS SCHOOL DISTRICT NO. 4, *Respondent.*

*Kevin M. Winters* (of *Hawkes Law Firm, PS*), for petitioner.

*Mark F. O'Donnell* and *Emma O. Owings* (of *Preg O'Donnell & Gillet, PLLC*), for respondent.

¶1 LAU, J. — We are again asked to interpret Washington's claim filing statute, chapter 4.96 RCW, governing claims for damages against local governmental entities. The legislature amended the claim filing statute in 2006 to preclude local governmental entities from raising defenses under the statute when they have not appointed an agent to receive claims for damages. Here, the Lake Stevens School District did not appoint an agent to receive claims against it. The district argues nonetheless that because Connelly's estate served its claim on the wrong person, it failed to toll the statute of limitations. We conclude that the amendment to RCW 4.96.020(2) expressly precludes the district's argument because it is a defense under the claim filing statute.

Accordingly, we reverse the trial court's summary judgment dismissal of the estate's claims.

## BACKGROUND

¶2 On October 16, 2003, a severe storm caused a tree located on Lake Stevens School District's property to fall onto a Snohomish County Public Utility District (PUD) power line, sparking a small brush fire. While attempting to put out the fire, Patrick Connelly was electrocuted and died at the scene. His estate sued the district and the PUD for negligence.

¶3 Both the district and the PUD are local governmental entities under Washington's claim filing statute. The statute requires a plaintiff, prior to commencing a lawsuit for tort damages against a local governmental entity, to present its claims (nonjudicial claims) to the entity's agent. RCW 4.96.020(2), (4). After 60 days have elapsed, the plaintiff may commence a lawsuit, and the statute of limitations is tolled during the 60-day period. RCW 4.96.020(4). If the entity does not appoint an agent and record the agent's identity with the county auditor, it is precluded from raising a defense under the claim filing statute. RCW 4.96.020(2).

¶4 In September 2006, the estate's attorney learned that the district had not appointed an agent or recorded the agent's identity with the county auditor as required by the claim filing statute. On September 19, 2006, the estate served its nonjudicial claim on the Snohomish County Auditor. Connelly died on October 16, 2003. The estate filed lawsuits against the district and the PUD on November 29, 2006, 3 years and 44 days later.

¶5 The estate and the district filed cross-motions for summary judgment. The district acknowledged that it had not appointed an agent to receive nonjudicial claims and was therefore precluded from raising a defense under the claim filing statute. Nevertheless, the district argued that the estate's claim was still barred because it had failed to

commence its action within the three-year statute of limitations. The estate argued that it had tolled the statute of limitations for 60 days by serving the county auditor and that RCW 4.96.020(2) precluded the district from complaining that its service on the auditor was improper and therefore could not trigger the tolling provision.

¶6 At summary judgment, the trial court dismissed the estate's claims against the district.[1] We granted the estate's motion for discretionary review.

## DISCUSSION

¶7 This court reviews an order of summary judgment de novo, engaging in the same inquiry as the trial court. *Harberd v. City of Kettle Falls*, 120 Wn. App. 498, 507, 84 P.3d 1241 (2004). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Citizens for Responsible Wildlife Mgmt. v. State*, 149 Wn.2d 622, 630, 71 P.3d 644 (2003). Questions of statutory interpretation are a matter of law, subject to de novo review. *Castro v. Stanwood Sch. Dist. No. 401*, 151 Wn.2d 221, 224, 86 P.3d 1166 (2004).

¶8 In enacting RCW 4.96.010, the legislature waived sovereign immunity and permitted actions against local governmental entities. *Woods v. Bailet*, 116 Wn. App. 658, 663, 67 P.3d 511 (2003). However, it also provided that "[f]iling a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages. . . ." RCW 4.96.010(1). Once this nonjudicial claim is presented and filed, the plaintiff must wait until 60 days have elapsed before commencing a lawsuit against the governmental entity. RCW 4.96.020(4). The purpose of this 60-day waiting period is to allow

---

[1] The estate's action against the PUD remains pending. The PUD appointed an agent to accept receipt of nonjudicial claims, and there is no dispute that the estate tolled the statute of limitations and timely filed its lawsuit against the utility.

governmental defendants time to investigate claims and pursue settlement before they are sued. *Troxell v. Rainier Pub. Sch. Dist. No. 307*, 154 Wn.2d 345, 351, 111 P.3d 1173 (2005). The waiting period does not impose an unfair burden on those with tort claims against the government because the notice of claim statute also tolls the applicable statute of limitations during the 60-day period. RCW 4.96.020(4); *Pirtle v. Spokane Pub. Sch. Dist. No. 81*, 83 Wn. App. 304, 308-09, 921 P.2d 1084 (1996) (noting that equal protection guarantees those with claims against the government the same amount of time to file suit as those with claims against private tortfeasors). The tolling provision essentially adds 60 days to the applicable statute of limitations. *Castro*, 151 Wn.2d at 226.

¶9 But courts have demanded strict compliance with the procedural requirements of the claim filing statute and dismissed suits for a variety of procedural defects. For example, a plaintiff's failure to personally verify the contents of the nonjudicial claim has resulted in dismissal. *See, e.g., Delos Reyes v. City of Renton*, 121 Wn. App. 498, 86 P.3d 155 (2004); *Schoonover v. State*, 116 Wn. App. 171, 64 P.3d 677 (2003); *Levy v. State*, 91 Wn. App. 934, 942, 957 P.2d 1272 (1998). Likewise, where plaintiffs have failed to wait the full 60 days before filing suit, their lawsuits have been dismissed. *See, e.g., Troxell*, 154 Wn.2d at 360; *Westway Constr., Inc. v. Benton County*, 136 Wn. App. 859, 868, 151 P.3d 1005 (2006). Courts have also dismissed suits because the nonjudicial claim was not presented to the correct person. *See, e.g., Harberd*, 120 Wn. App. 498; *Burnett v. Tacoma City Light*, 124 Wn. App. 550, 104 P.3d 677 (2004).

¶10 In 2001, the legislature amended the claim filing statute to require local governments to specify a person to receive service of nonjudicial claims.

The governing body of each local government entity shall appoint an agent to receive any claim for damages made under this chapter. The identity of the agent and the address where he or she may be reached during the normal business hours of the local governmental entity are public records and shall be

recorded with the auditor of the county in which the entity is located. . . .

LAWS OF 2001, ch. 119, § 2. This was intended to be a "technical fix" to address confusion over how to serve non-judicial claims on local governmental entities. *Woods*, 116 Wn. App. at 669. In 2006, the legislature added a specific consequence for local governments that neglect to appoint an agent. "The failure of a local governmental entity to comply with the requirements of this section precludes that local governmental entity from raising a defense under this chapter." RCW 4.96.020(2). No cases have interpreted this language or how it affects the interplay of the 60-day tolling provision with the statute of limitations.

¶11 When resolving a question of statutory interpretation, the court's purpose is to "discern and implement the intent of the legislature." *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). The starting point is the plain language and ordinary meaning of the statute. *Id.* If the language is unambiguous, the court need look no further to determine its meaning. *See Human Rights Comm'n v. Cheney Sch. Dist. No. 30*, 97 Wn.2d 118, 121, 641 P.2d 163 (1982).

¶12 Both parties agree that the district is precluded from "raising a defense under this chapter," but they differ as to how this phrase should be interpreted. According to the district, it is not raising a defense under the claim filing statute; rather, its defense is based on the statute of limitations, which is located in a different chapter.[2] The estate counters that the district's statute of limitations defense is actually predicated on its assertion that the claim filing statute's 60-day tolling provision does not apply. We agree with the estate. The estate filed its lawsuit against the district on November 29, 2006, which was 3 years and 44 days following Connelly's death. Thus, the viability of the estate's lawsuit against the district is

---

[2] RCW 4.16.080(2) requires an action for personal injury to be commenced within three years.

entirely dependent on whether the statute of limitations was tolled. The core issue is whether the district's argument—that service of the nonjudicial claim on the auditor failed to trigger the tolling provision—constitutes a defense under the claim filing statute. Based on the plain language of the statute, we hold that it does.

¶13 Failure to strictly comply with the procedural requirements of the claim filing statute is a well-established defense for local governmental entities. *See Hintz v. Kitsap County*, 92 Wn. App. 10, 14, 960 P.2d 946 (1998). One of the procedural requirements of the statute is that the plaintiff serve the nonjudicial claim on the correct person. For example, in *Harberd*, the court upheld dismissal of a lawsuit because the plaintiff served the mayor's secretary rather than the city clerk/treasurer. *Harberd*, 120 Wn. App. at 513. Similarly, in *Burnett*, the court upheld dismissal of the plaintiffs' suit because they served the Tacoma City Attorney's Office and Tacoma's Public Utilities Department instead of the city clerk's office. *Burnett*, 124 Wn. App. at 559-60. When the governmental entities in these cases argued that the wrong person was served, they were raising a defense under the claim filing statute. Likewise here, when the district argues that the auditor was the wrong person to serve, it is raising a defense under the claim filing statute. The district's attempt to distinguish serving the nonjudicial claim on the wrong person generally and serving it on the wrong employee of the local governmental entity is not persuasive. The statute unambiguously provides that the district is precluded from raising defenses under the chapter, and arguing that the estate served the wrong person is a defense under the chapter.[3]

---

[3] In addition to arguing that the estate failed to serve the proper person, the district argues that the estate never tolled the statute of limitations because the claim filing statute "does not apply" in the absence of an appointed agent. But a plain reading of the statute does not support this argument. Nothing in the language of the statutory amendment suggests that a local governmental entity's failure to appoint an agent renders the entire claim filing statute ineffective. Thus, the estate remained obligated to file a nonjudicial claim, and having done so, it was entitled to 60 additional days to file its lawsuit.

¶14 The effect of the amendment here is clear. Because the district was delinquent in appointing an agent, it cannot complain that the estate's service on the auditor was improper and that the estate therefore failed to trigger the 60-day tolling provision. Consequently, the estate had three years and 60 days to file its lawsuit. Because the estate filed its lawsuit prior to this deadline, its suit was timely commenced and the trial court erred in dismissing its claims against the district.

¶15 The estate requests that it be awarded the costs it incurred on appeal pursuant to RAP 14.2. Because the estate substantially prevailed, it is entitled to an award of the costs allowed under RAP 14.3.

¶16 Reversed.

Dwyer, A.C.J., and Becker, J., concur.